13087

FISCHER *et al.* v. CHISHOLM *ET AL.*

(157 S. E., 139)

396

July, 1930.

Messrs. *J. N. Nathan, Waring & Brockington, Nath. B. Barnwell, H. L. Erckmann, Charles W. Waring, Geo. H. Moffett* and *Shimel & Rittenberg,* for appellants,

Messrs. *Julian Mitchell, E. L. Visanska, A. R. Young* and *G. L. Buist Rivers,* for respondent,

March 6, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On December 16, 1926, the South Carolina Loan & Trust Company, a banking corporation, closed its doors. Thereafter, this suit was brought by the plaintiff, on behalf of himself and other depositors, against the defendants for their stockholders' liability of $100 per share, and the prayer of the complaint was for judgment for that amount. This appeal is from an order of Judge Mann, dated July 23, 1930, permitting the plaintiff to amend his complaint by adding a claim for interest from March 31, 1927, on the amount sued for.

It appears that, at the time the amendment was allowed, the defendants had served and filed their answers, an order of reference to take the testimony had been obtained, and "references were being held, at which the plaintiff was introducing evidence on his part." The appellants question the power of the Circuit Judge, under this state of facts, to allow the amendment. It is sufficient to say that the contention is without merit. See *Metts v. Wenberg*, 158 S. C., 411, 155 S. E., 734.

The main question presented by the appeal is, Does the stockholders' liability bear interest before judgment?

Section 18 of Article 9 of the State Constitution provides that "stockholders in banks or banking institutions shall be liable to depositors therein in a sum equal in amount to their stock over and above the face value of the same." In *Branchville Motor Company v. Adden*, 158 S. C., 90, 155 S. E., 277, 278, the Court held that the expression, "in a sum equal in amount to their stock over and above the face value of the same," means that, if one owns one share, par value $100, his statutory liability is $100, and so on.

We do not agree that the assessment is in the nature of a penalty, as suggested by the appellants; while imposed under the provision referred to, the liability is contractual in its nature, arising by reason of the purchase of the stock, the subscription being a voluntary act of the purchaser, who makes it in contemplation of all applicable law, understanding that he may be called upon for such contribution.

This action was commenced prior to the passage of the Act of 1929 (36 Stat., 199), and was in the nature of a creditors' bill in equity as was permitted under the law as it then stood. Section 6 of the Act provides: "That any receiver appointed to liquidate the assets of any closed State bank shall, under the authority of this Act, when it is necessary to collect the liability of stockholders, have full power and authority to demand of such stockholders the statutory liability, provided for in Section 3998, Code of Laws of South Carolina, 1922, and upon failure of any stockholder to pay into his hands such liability, he is hereby invested with full power and authority to bring suit, either individually or collectively, against such stockholder, or stockholders, for the collection of such liability, and all funds received from said assessment by payment with or without suit shall be kept as a separate fund to be paid to the depositors solely. * * *"

In the *Adden case,* the Court construed this Act, and held: (1) That it gives to the receiver a right where none existed before, and that the remedy afforded by Section 6 is exclusive; (2) that the receiver has no right to proceed to collect the stockholders' liability except when recourse to that liability is necessary to pay the claims of depositors; (3) that it is the duty of the receiver to ascertain and declare this necessity, when such necessity exists; (4) that, upon a showing that the receiver is neglectful of his duty in the matter of enforcing the stockholders' liability, the Court may do whatever is necessary for the protection of the depositors.

The Court observed that the Act of 1929 "yields to the stockholders the just right of withholding his assessment until the receiver shall have ascertained and declared the necessity and made demand upon him"; and that "no one is in a better position than the receiver to ascertain and declare this necessity." It is, therefore, clear that, under the statute, as construed in the *Adden case,* it is the duty of the receiver, in the first instance, to ascertain and declare the necessity for the enforcement of the stockholders' liability; but the proper procedure on his part would be to make to the Court, by which he was appointed, a written verified report of the value of the assets of the defunct bank, estimated or otherwise, and the amount of the bank's liabilities, and why and to what extent it is necessary to call upon the stockholders for their statutory liability, whereupon the Court will make an adjudication as to such necessity. The receiver should then make demand upon each stockholder for his liability, within the limit of 100 per cent. of the face value of his stock, in such amount as the Court may direct, and, from the time of such demand, the assessment will bear interest as a liquidated claim. See *Eureka Cotton Mills v. Telegraph Company,* 88 S. C., 498, 70 S. E., 1040, Ann. Cas., 1912-C, 1273; *Haskell v. Perrin,* 139 S. C., 358, 138 S. E., 37; *Wedemeyer v. Hindelang,* 161 Mich., 600, 126 N. W., 708; *Pyles v. Carney,* 85 W. Va., 159, 101 S. E., 174. It may be well to observe here that the receiver is not required to wait until the corporate property has been exhausted before filing his report with the Court for the purpose of procuring an adjudication of the necessity to enforce the stockholders' liability.

In the case at bar, no application was made to the Court, after the passage of the Act of 1929, to substitute the receiver as party plaintiff, nor was the receiver required to present to the Court a statement of the bank's assets and liabilities, in order that it might be adjudicated whether there existed the necessity to enforce the

stockholders' liability. These questions, however, are not raised in this action, and we assume that the defendants did not desire to take advantage of these possible objections. Under this state of facts, peculiar to this case, as the parties to the suit appear anxious to have the question of interest speedily adjudicated, the Court holds that the plaintiff must show at the trial that demand was made upon the stockholders for payment of their liability, and that at such time the necessity existed for enforcing such payment. Upon proof of these facts, interest will be allowed from the time of demand.

The order appealed from is affirmed, and the case remanded for further proceedings consistent with the views herein expressed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.

MR. JUSTICE CARTER (concurring) : In concurring in the opinion of Mr. Justice Stabler in this case I desire to state that, under my view of the law, a stockholder in a banking institution has the right to be heard on the question of the necessity to collect the liability of stockholders for the payment of the depositors, at some time before judgment is obtained against him, if he desire to be heard on that question. With this explanation I concur in the opinion of Mr. Justice Stabler.