13174

SHARKEY *ET AL.* v. EHRICH *ET AL.*

(159 S. E., 371)

June, 1930.

*Messrs. Barr & Smith,* for appellant,

*Messrs. Samuel Want* and *Melvin Hyman,* for respondents,

June 11, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This case was submitted without oral argument at the November, 1930, session of this Court. On March 4, 1931, an opinion was filed affirming the orders of Judges Shipp and Dennis appealed from, for the reasons assigned by them respectively. Thereafter the defendants, appellants, filed a petition for a rehearing, which was granted and the case set down for oral argument at the May session.

In January, 1927, the Bank of Georgetown became insolvent and closed its doors. Shortly thereafter, in a proceeding, we assume by the State Bank Examiner under Sec-

tion 3985, Vol. 3, Code 1922, Receivers were appointed "to wind up and settle the affairs" of the bank.

On March 12, 1927, an action was instituted in the Court of Common Pleas of Georgetown County, by W. M. Gaillard, individually, and W. M. Gaillard and C. A. Calhoun, representing themselves as a committee appointed by the Court in another proceeding involving another bank in Georgetown, the Peoples' Bank of Georgetown, on behalf of themselves and all other depositors of the Bank of Georgetown, against the stockholders of the Bank of Georgetown, to enforce their statutory liability. (It appears that Gaillard personally had on deposit with the Bank of Georgetown $382.57, and he and Calhoun, as the committee above referred to, had $6,842.80.)

The defendants in that action were a number of the stockholders of the Bank of Georgetown; whether the list included all or not, does not appear; in the list of named defendants was Mrs. Cornelia Ehrich, who, it was claimed, owned 45 shares of the par value of $100 per share and was liable under the statute for $4,500. On account of the fact of her nonresidence, service of the summons and complaint upon her was not effected or attempted. The defendant A. S. Ehrich in this action was not a stockholder, and was not on that account made a party in that action.

On March 16, 1927 (four days after the date of the commencement of the action just referred to), his Honor, Judge Bonham (then Circuit Judge, now an Associate Justice of this Court), signed an order appointing R. W. Sharkey and W. M. Gaillard "agents for the depositors of the Bank of Georgetown, for the purpose of receiving collections made in the present action and all other payments by stockholders of the Bank of Georgetown in satisfaction of their statutory liability, with power to issue all proper releases and satisfactions or other documents necessary in connection with such releases and payments, and with all such powers and authority as may be requisite for the purpose of carrying out

their duties as such agents, provided, however, that before entering upon the performance of their duties as such agents the said R. W. Sharkey and W. M. Gaillard shall give a joint bond for the faithful performance of their duties in the amount of Twenty-five Thousand ($25,000.00) Dollars. Further ordered, that no other action or actions shall be brought by depositors against any of the stockholders of the Bank of Georgetown, for the enforcement of their constitutional or statutory liability, and that all such actions are hereby enjoined, but all such depositors shall have the right to intervene in this cause upon proper application."

It appears that at some time prior to November 25, 1927, although Mrs. Ehrich had not been served, negotiations were opened between the agents appointed by order of Judge Bonham and the Ehrichs, which resulted in an agreement to accept $500 in settlement of the statutory liability of Mrs. Ehrich, who owned 45 shares, Louis C. Ehrich three shares, and Lina S. Ehrich two shares, total 50 shares, liability $5,000, 10 per cent.

The agents then applied without notice to any of the parties interested, to his Honor, Judge Shipp, for an order rescinding the compromise settlement upon the ground that they had been deceived in making it. On November 25, 1927, his Honor, Judge Shipp, signed an order as follows:

"Ordered, adjudged and decreed, that W. M. Gaillard and R. W. Sharkey, as a committee to collect the statutory liability of the stockholders of Bank of Georgetown, be and they hereby are directed to refund the money obtained by them in connection with the settlement described in the annexed petition.

"Further ordered, that upon such refund being made, the said settlement shall be taken to be nullified and of no effect, and that the order heretofore granted by this Court authorizing the said settlement be and the same hereby is rescinded.

"Further ordered, that said committee be and they hereby are empowered and directed to institute all such actions and proceedings as may be requisite to collect the liability of the parties named in the within petition."

The money was tendered back, but refused.

No further proceedings appear to have been prosecuted in the first action above referred to, that of Gaillard and Calhoun against the stockholders of the Bank of Georgetown.

After these proceedings had been instituted, and while apparently they were pending, to wit, on December 12, 1927, a new action was instituted by Sharkey and Gaillard, who had been appointed "agents for the depositors of the Bank of Georgetown," by the order of Judge Bonham, dated March 16, 1927, above set forth, in the action first above mentioned. The defendants named were Cornelia C. Ehrich and A. S. Ehrich; the summons and complaint were personally served upon the defendant A. S. Ehrich on December 12, 1927, but were not at that time served upon Mrs. Ehrich, she being a nonresident. The purpose of the action was to obtain a money judgment against Mrs. Ehrich upon her alleged stockholders' liability, and a decree against both defendants setting aside certain conveyances of real estate by her to A. S. Ehrich as intended to evade the payment of her stockholders' liability and to hinder, delay, and defraud the creditors of the bank.

On January 14, 1928, the defendant A. S. Ehrich served upon counsel for the plaintiffs notice of a motion for an order requiring the plaintiffs to separate and separately state the two causes of action. The motion was made before his Honor, Judge Shipp, apparently on January 20th, and he, in an order dated February 6, 1928 (evidently stated erroneously in the record as 1929), granted the motion. An amended complaint was then served on March 6, 1928, purporting to conform to the order; and on March 8, 1928, it was served upon Mrs. Ehrich. Along with the amended

complaint were served copies of the summons and complaint in the action first above mentioned of Gaillard and Calhoun against the stockholders, instituted March 12, 1927.

On March 23, 1928, the defendant A. S. Ehrich gave notice of a motion to dismiss the complaint upon the ground that the amended complaint did not conform to the order of Judge Shipp of February 6, 1928. The motion was refused by an order (without date), which it is assumed was dated upon the return day of the motion, April 9, 1928. From this order the defendant A. S. Ehrich gave notice of intention to appeal.

Both defendants then served separate demurrers to the amended complaint, which have been condensed by his Honor, Judge Dennis, in his decree overruling them as follows: (1) That the plaintiffs have not legal capacity to sue; (2) that there is another action pending; (3) that several causes of action have been improperly united; (4) that the complaint does not state facts sufficient to constitute a cause of action to set aside a fraudulent conveyance, because it is not alleged that the plaintiffs' demand has been reduced to judgment, and that an execution has been issued and returned *nulla bona*.

On June 5, 1930, his Honor, Judge Dennis, filed an order overruling the demurrers, and from his order as well as from the order of his Honor Judge Shipp, supposed to be dated April 9, 1928, the defendants have appealed upon exceptions which fairly raise the questions hereinafter decided.

From the conclusions reached upon the demurrers, it does not seem necessary to consider the appeal from the order of Judge Shipp refusing to dismiss the complaint upon the ground above stated.

I. As to the ground that the plaintiffs have not legal capacity to sue: If the demurrer had been based upon the ground that under Act March 16, 1929 (36 St. at Large p. 199), only the receivers of the insolvent bank

had the right to enforce the statutory liability of stockholders, the objection would have been insuperable; it was based, however, upon the ground that the depositors only were entitled to bring the action, a position that cannot be sustained under the Act of 1929 and the decisions of this Court. *Branchville Motor Co. v. Adden,* 158 S. C., 90; 155 S. E., 277; *Shaw v. Fairey,* 160 S. C., 110, 158 S. E., 159; *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139. This conclusion is not intended to deprive the plaintiffs of the privilege of applying to the Circuit Court for an order as indicated in the last paragraph of the opinion in the case of *Shaw v. Fairey, supra.*

II. As to the ground that there is another action pending between the parties: It does not appear that Mrs. Ehrich was ever made a party defendant to the action instituted in March, 1927, by service of process, nor that A. S. Ehrich was even named as a party defendant thereto. This ground is therefore untenable.

III. As to the ground that in the present action, the one commenced December 12, 1927, several causes of action have been improperly united: This objection does not appear to have been considered in the decree of his Honor, Judge Dennis.

The cause of action alleged against Mrs. Ehrich is her statutory liability as a stockholder, clearly an action at law. The cause of action alleged against both defendants is the setting aside as fraudulent certain conveyances from Mrs. Ehrich to A. S. Ehrich, clearly a suit in equity.

The defendant A. S. Ehrich is not at all concerned in the cause of action against Mrs. Ehrich. The joinder appears to be directly in conflict with the proviso of Section 430, Code Civ. Proc., 1922: "But the causes of action, so united, must all belong to one of these classes, and  *  *  *  must affect all the parties to the action.  *  *  *." *Piper v. Casualty Co.,* 157 S. C., 106, 154 S. E., 106, and cases cited

therein. This ground of demurrer should have been sustained.

IV. As to the ground stated as No. 4 above: The ▮ case of *Temple v. Montgomery*, 157 S. C., 85, 153 S. E., 640, sustains the position of the respondent.

The judgment of this Court is that the decree of his Honor, Judge Dennis, be modified as herein indicated, and that the case be remanded to the Circuit Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.