13247

RUTLEDGE v. STACKLEY ET AL.

(160 S. E., 429)

*Mr. Preston B. Thames,* for appellant, 

*Mr. R. W. Sharkey,* for respondent, 

September 28, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Upon the closing of the Bank of Florence about October, 1928, this action was brought against the stockholders to enforce the statutory liability, appellants being among the defendants.

There is no dispute as to the facts. About August, 1927, J. F. Stackley and his wife transferred some shares of stock which they owned in the bank to their four children, the appellants, the transfers being regularly entered on the books of the bank in the names: Herbert Stackley, trustee; Mrs. J. C. Jeffcoat, trustee; Helen S. Griste, trustee; and John J. Stackley, trustee; neither the names of *cestuis que trustent* nor the conditions of the trusts being shown. It was established by parol testimony that the trustees were to hold the stock "for the sole benefit and behoof of their respective children, to manage and control the same for their benefit and to collect dividends and apply the same to their maintenance, education and support." The beneficiary children are minors, and all the appellants except Mrs. Jeffcoat hold property other than the bank stock as trustees for their respective children.

The master found, as matter of fact, that the trust was made in good faith, without any disposition to escape the statutory liability, and that the trustees never had any personal interest or ownership in the stock; and concluded, as matter of law, that they were not liable for the statutory as-

sessment, recommending that, as to them, the complaint be dismissed.

The Circuit Judge concurred in the master's conclusion that the defendants were not personally liable—from which holding there is no appeal—but held that "there was a valid, legal trust in connection with each of the defendants named above, and that the estates of the respective *cestuis que trustent* are liable for the payment of the liability sought to be imposed," and directed that plaintiffs have judgment against the defendants as trustees in the amounts of their respective holdings, with "leave to levy execution upon so much of the property of the above named *cestuis que trustent,* in the possession of the said Trustees, as may be necessary to satisfy the said judgments." From this decree defendants appeal, the exceptions presenting two questions:

1. The *cestuis que trustent* being minors, can their respective estates, in the hands of trustees named, be held responsible for the statutory liability on bank stock?

2. Can judgments be rendered against the property of the minor beneficiaries, such beneficiaries not being represented in the action by guardians *ad litem?*

*As to the first question:*

Respondent contends that the liability of bank stockholders does not arise *ex contractu,* but is statutory, that the statute makes no exception as to infants, and that therefore they are subject to the liability along with other stockholders.

While the liability is imposed under a statute (Section 3998, Vol. 3, 1922 Code), this Court has recently held that it "is contractual in its nature, arising by reason of the purchase of the stock, the subscription being a voluntary act of the purchaser, who makes it in contemplation of all applicable law and understanding that he may be called upon for such contribution." *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139, 140.

This view of the matter practically disposes of the point at issue. It can hardly be disputed that the minor beneficiaries had no legal capacity to assume the obligation, and certainly the trustees had no express or implied power to assume it for them; consequently, their estates in the hands of the trustees cannot be held liable.

The case is very similar to *Early v. Richardson*, 280 U. S., 496, 50 S. Ct., 176, 177, 74 L. Ed., 575, 69 A. L. R., 658. In that case Richardson purchased some stock in a national bank, received the certificates therefor indorsed in blank by the seller, and delivered them to the bank, with instructions to register the stock and issue new certificates in the name of his minor children, which was done. It was held that Richardson was liable for the stockholders assessment, the Court saying: "The real question is whether the intent of Richardson to buy the stock for his minor children, and the fact that by his direction the transfer was made to them upon the books of the bank and certificates issued in their names, had the effect of relieving Richardson from liability. We think not, since *the transferees, being minors, were without legal capacity to assume the obligation. Upon coming of age they would have an election either to affirm or avoid the entire transaction. In the meantime, the transfer of the stock having resulted to their disadvantage, the law will avoid it for them,* thus leaving the liability of Richardson for assessments unaffected." (Italics added.)

The Court quoted with approval from *Foster v. Chase* (C. C.), 75 F., 797, as follows: "The plaintiff claims that the defendant made himself liable for the assessment because of the incapacity of his children to take the stock and make themselves liable for it. He insists that they only are the shareholders and liable, if any one is. *Assent is necessary to becoming a shareholder, subject to this liability, in a national bank. Keyser v. Hitz,* 133 U. S., 138, 33 L. Ed., 531, 10 S. Ct., 290. *Minors do not seem to have anywhere the necessary legal capacity for that.* The principles upon which this

disability rests are elementary and universal. 1 Bl., Comm., 492; 2 Kent, Comm., 233. In buying and paying for this stock, and having it placed on the books of the bank, the defendant acted for himself; in having it placed there in the names of his children, as with their assent, he assumed to act for them. *As they could not themselves so assent as to be bound to the liabilities of a shareholder, they could not so authorize him to assent for them as to bind them.* To the extent that they could not be bound he acted without legal authority, and bound only himself." (Italics added.)

The reasoning in that case is the more applicable to the one at bar, because in this State, as in the Federal jurisdiction, assent or voluntary assumption of the liability by a shareholder is necessary in order to bind him to such obligation.

Our disposition of this matter renders unnecessary a consideration of the second question involved in the appeal.

We do not intend by this decision to hold that, where bank stock appears in the name of a minor, there is no redress for depositors. That conclusion does not follow. We are here passing only on the question of the minors' liability.

The judgment of the Circuit Court is reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.

MR. JUSTICE BONHAM (concurring): I concur in the opinion of Mr. Justice Stabler upon the authority of the case of *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139, which holds that the assessment upon stockholders of banks for their statutory and constitutional liability is not penal, but contractual in its nature. I conceive that we are bound by that decision. But if the question were an open one, I should concur in the opinion of Mr. Justice Cothran, which holds that the assessment is a statutory and constitutional liability, and is not contractual in its nature.

MR. JUSTICE COTHRAN (dissenting): The facts, proceedings, and rulings of the Master and Circuit Judge are very

clearly stated in the opinion of Mr. Justice Stabler; with his conclusions of law I am not in accord for the reasons which follow.

I think that the matrix of error is disclosed in the closing sentence of the opinion: "We are here passing only on the question of the *minors' liability.*" The question before the Court, in my opinion, respectfully advanced, is not the liability of *the minors* but the liability of the *trustees* who held the legal title to the stock, in trust for the children. The immunity of *the trustees* as such from liability is based in the opinion upon the incapacity of *the minors* to enter into a binding contract, upon the theory that the statutory liability of a stockholder is contractual in its nature, and that a minor is incapable of contracting, except under certain circumstances. I think that the expression quoted from the case of *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139, went further than it was necessary to go in that case. The question at issue was whether the statutory liability was a penalty or not. The contention that it was a penalty was met by a declaration that it was statutory and an incident of the relation. The liability is purely statutory, and, while it is an incident of the contract entered into between the corporation and the stockholder, it is not at all dependent upon the assent or agreement of the stockholder; regardless of his volition, which is always an element in a contract, the liability attaches to the contract entered into, solely by virtue of the statutory provision (and by "statutory" I mean of course to include the constitutional provision).

The case of *Early v. Richardson,* 280 U. S., 496, 50 S. Ct., 176, 74 L. Ed., 575, 69 A. L. R., 658, I do not consider at all controlling or even persuasive upon the issue. In that case Richardson purchased stock in a national bank, secured the certificates indorsed in blank by the seller in whose name they stood, and delivered them to the bank with instructions to register them and issue new certificates in the name of his minor children, which was done. In an action by the re-

ceiver of the bank against Richardson upon the statutory liability the Court held that, as the transferees were minors, they were without legal capacity to assume the obligation, ruling as quoted in the opinion of Mr. Justice Stabler. With that conclusion I have not the slightest quarrel; it is logical and just; but here there is no legal incapacity in the transferees, the children of Stackley, all of full age, capable of receiving the stock, actually so doing, and reaping all benefit that might accrue therefrom. Certainly the trustees could not be held liable personally; as certainly Stackley could not be held, as he had by an executed assignment transferred the stock to the trustees in perfect good faith and they held the legal title. If Stackley had directed the issue of the stock in the names of the children, the beneficiaries of the trust, a case parallel with the *Early v. Richardson case* would have been presented. In that case the Court annihilated the contention that Richardson was a trustee for the children in whose names the stock was issued. Can there be a doubt that the transferees in the present case were trustees for the beneficiaries?

It is a singular coincidence that in March, 1929, less than a year before the filing of the opinion in the *Early v. Richardson case,* February, 1930, the Circuit Court of Appeals decided the case of *McNair v. Darragh, 31 F. (2d), 906,* involving the precise question now at issue, and on October 14, 1929, only four months before the opinion in *Early v. Richardson* was filed, reported in the same volume, *Gamble v. Darragh, 280 U. S.* at page 563, 50 S. Ct., 19, 74 L. Ed., 617, the Supreme Court of the United States denied a writ of *certiorari* in *McNair v. Darragh case.* The syllabus in that case is as follows: "One making a gift of national bank stock to himself as trustee for minor children, in good faith and without knowledge of bank's failing condition, held not subject to stockholder's liability for assessment, under 12 U. S. C. A., §§ 62, 64, since Section 66 provides that persons holding stock as trustees shall not be personally sub-

ject to any liability as stockholders, but that estate shall be liable."

It is true that, in the last-cited case, the immunity of the trustee personally and the liability of the trust estate were based upon the Act of Congress, but I do not think that would make any difference in the construction of our statute and Constitution, which fixes liability upon the stockholder, certainly upon one in whom there is no legal incapacity. Free the trust estate, free the former owner of the stock, free the trustees personally, and the cry of the depositors who are supposed to be protected by the statutory and constitutional provisions will be but a reverberation.

I do not agree with the following statement in the opinion of Mr. Justice Stabler: "The reasoning in that case is the more applicable to the one at bar, because in this State, as in the Federal jurisdiction, assent or voluntary assumption of the liability by a shareholder is necessary in order to bind him to such obligation."

The liability attaches by reason of the ownership of the stock and not the "assent or voluntary assumption of liability."

I think therefore that the decree of his Honor, Judge Dennis, is entirely right and should be affirmed.