13309

CONNER *ET AL.* v. McSWEEN *ET AL.*
*In Re.* BANK OF TIMMONSVILLE

(162 S. E., 434)

Messrs. *Samuel Want* and *Melvin Hyman,* for appellant,

*Mr. Henry E. Davis,* for respondent.

December 19, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This appeal involves the statutory liability of the respondent John McSween, as a stockholder in the Bank of Timmonsville.

On March 14, 1927, the respondent, by written instrument, made a voluntary transfer of 300 shares of stock in the bank, owned by him and registered in his name, to C. B. Carter, as trustee for respondent's three minor children, and a certificate of the stock was duly issued and registered in the name of Carter as trustee. Some months later, the bank attempted to reduce its capital stock by one-half, and a certificate for 150 shares was issued and registered in the name of the trustee in lieu of the earlier certificate. The validity of the attempted reduction of the capital stock is questioned by the depositors, but is not before the Court on this appeal.

On November 5, 1928, the bank closed its doors on account of insolvency; the 150 shares still being registered in the name of the trustee. The depositors subsequently instituted this action against the stockholders to enforce the statutory liability; the respondent was made a defendant,

and, by his answer, denied liability. The matter was referred to the Judge of Probate for Darlington County to take the testimony and report it to the Court, and, upon the testimony so taken, Judge E. C. Dennis filed a decree, in which he held that the respondent was not liable as a stockholder, having been relieved of such liability by the transfer of his stock to Carter as trustee. From this judgment, plaintiffs appeal, assigning error to the Circuit Judge, *inter alia,* "in not holding, as contended by appellants that a stockholder in a bank who prior to the declared insolvency and closing of the bank transfers his stock to a trustee for his infant children is not relieved from the constitutional and statutory stockholders' liability upon the subsequent closing of the bank."

To support the Circuit decree, respondent relies on the case of *Loomis v. Verenes,* 141 S. C., 145, 139 S. E., 393, 394, 55 A. L. R., 677. In that case, James Verenes and his brother Gus transferred certain shares of stock in the Citizens' Bank of Aiken to the wife of James. About eighteen months later the bank was closed, and the depositors attempted to hold James and Gus liable as stockholders. This Court there laid down the following principles: "A stockholder in a bank, who, prior to the declared insolvency thereof, has transferred his stock therein, is not liable to the depositors on the statutory liability, unless the transfer of the stock was made while the bank was insolvent, and when the transferor had notice of such insolvency, and when the transfer was made with the intention of evading liability as a stockholder."

And it was held that the plaintiffs had failed to establish either the insolvency of the bank at the time of the transfer of the stock, or that the defendants had knowledge of such insolvent condition, or that the purpose of the defendants was to evade the statutory liability.

That case was decided after careful consideration, and the principles therein stated are undoubtedly correct. However, there is this essential difference between that case and

the one at bar; namely, that in the former the transferee of the stock was *sui juris* and legally capable of assuming the obligations of a stockholder, while in the latter the transferees are infants and incapable of assuming such obligation.

In *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139, 140, this Court declared that, while the stockholders' assessment is imposed under a statute, it "is contractual in its nature, arising by reason of the purchase of the stock, the subscription being a voluntary act of the purchaser, who makes it in contemplation of all applicable law and understanding that he may be called upon for such contribution."

In *Rutledge v. Stackley,* 162 S. C., 173, 160 S. E., 429, some shares of stock in the Bank of Florence had been transferred, "in good faith, without any disposition to escape the statutory liability," to certain persons as trustees for their minor children. The Circuit Judge made a decree directing that plaintiffs, the depositors, have judgment against the defendants as trustees in the amount of their respective holdings, with leave to levy execution upon so much of the property of the *cestuis que trustent* in the possession of the trustees as might be necessary to satisfy the judgments. Upon appeal, this Court reversed the judgment citing the *Fischer case* to the point that the stockholder's liability is contractual in nature, and saying: "This view of the matter practically disposes of the point at issue. It can hardly be disputed that the minor beneficiaries had no legal capacity to assume the obligation, and certainly the trustees had no express or implied power to assume it for them; consequently, their estates in the hands of the trustees cannot be held liable."

It is self-evident that, the statutory liability being contractual, a stockholder cannot divest himself of it by a transfer of his stock to one who is legally incapable of assuming it; otherwise the supposed protection to depositors would be a myth, as judicious transfers of the stock would practically obliterate the liability.

In *Early v. Richardson,* 280 U. S., 496, 50 S. Ct., 176,

177, 74 L. Ed., 575, 69 A. L. R., 658, cited with approval in the *Rutledge case,* it was held that Richardson, who had purchased stock in a national bank, received the certificates therefor indorsed in blank by the seller, delivered them to the bank, and caused the stock to be registered and new certificates issued in the name of his minor children, was liable for the stockholders' assessment; the Court saying: "The real question is whether the intent of Richardson to buy the stock for his minor children, and the fact that by his direction the transfer was made to them upon the books of the bank and certificates issued in their names, had the effect of relieving Richardson from liability. We think not, since the transferees, being minors, were without legal capacity to assume the obligation. Upon coming of age they would have an election either to affirm or avoid the entire transaction. In the meantime, the transfer of the stock having resulted to their disadvantage, the law will avoid it for them, *thus leaving the liability of Richardson for assessments unaffected."* (Italics added.)

Respondent urges that, as the *Richardson case* turned "solely and exclusively on the capacity of an infant to become a stockholder in a National bank," it is not authority in the instant case. However, in the *Rutledge case,* which had to do with a state bank, this Court reached the same conclusion as to an infant's liability as that expressed in the *Richardson case,* basing this view upon the *lack of legal capacity on the part of an infant to assume the obligation,* and stating that the reasoning in the *Richardson case* was the more applicable "because in this State, as in the Federal jurisdiction, assent or voluntary assumption of the liability by a shareholder is necessary in order to bind him to such obligation."

In order for a transfer of bank stock to be valid as to depositors, it is not necessary that the transferee shall be financially able to meet the obligation, but only that he shall be legally capable of assuming it as binding.

In *Aldrich v. Bingham* (D. C.), 131 F., 363, 364, cited with approval in the *Richardson case,* the Court said: "It is a well-established rule of law that a transfer of stock in a corporation must be made to a person or corporation not only legally capable of holding the stock transferred, but also to·one who is legally bound to respond when assessments are made upon the stock, and who may lawfully assume the liabilities of the transferor in relation thereto. It need not necessarily have been transferred to a person who is responsible in the sense that he will be able to financially meet the liabilities imposed upon a stockholder, but it is essential that he shall be legally liable to assume such obligations, and not be at liberty to repudiate them."

In *Shaw v. McMillan* (Tex. Civ. App.), 24 S. W. (2d), 536, it was held, as summarized in a note in 69 A. L. R., 662, that "one who subscribed for shares of stock in a state bank, paying for the same with his own funds, was liable, on the bank's insolvency, for an assessment as a stockholder, although, on the same day that the stock was issued in his name, he directed the issuance of new certificates in the names of his minor grandchildren, and never had the stock in his possession except to sign the certificate to effect such transfer, and the evidence tended to show that he subscribed for the stock for the grandchildren and never intended to hold it himself, and that in fact he had directed the certificate, in the first instance, to be made out in the names of the grandchildren." This case was stronger for the grandfather than is the present case for the respondent, since here the stockholder actually owned the stock for a considerable time in his own right before making the transfer.

We cannot see how the·fact that respondent made the transfer to a trustee for the benefit of his children, rather than directly to the children, can affect the situation in any way. The trustee had no more authority to bind the minors to stockholders' liability than they themselves had; and to allow a divesting of the liability because

of the intervention of a trustee would be to substitute form for substance.

The conclusion herein arrived at renders unnecessary a consideration of other questions raised by the appeal.

The judgment of the Circuit Court is reversed, and the case remanded to that Court for further proceedings consistent with this opinion.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.

MR. JUSTICE BONHAM (concurring) : I concur in the result reached in this case upon the authority of the case of *Fischer v. Chisholm*, 159 S. C., 395, 157 S. E., 139, and *Rutledge v. Stackley*, 162 S. C., 173, 160 S. E., 429, because I consider that I am bound by them. But I do not assent to the proposition that the stockholders' liability is contractual in its nature. I think it is the creature of constitutional and statutory enactment.