13524

SHARKEY *ET AL.* v. EHRICH *ET AL.*

(166 S. E., 787)

*Mr. C. G. Barr,* for appellants,

*Messrs. Samuel Want* and *Melvin Hyman,* for respondents,

November 25, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

As a statement of this case the Court adopts the agreed statement of counsel, set forth in the transcript of record, as follows: "This action was originally commenced on the 12th day of December, 1927, by personal service of the summons and complaint upon the defendant A. S. Ehrich. The original summons and complaint were not served upon the defendant, Mrs. Cornelia C. Ehrich, she being a non-resident of the State of South Carolina. The purpose of the action was to obtain a money judgment against the defendant, Mrs. Cornelia C. Ehrich upon an alleged stockholder's liability in Bank of Georgetown, S. C. (which bank had been placed in the hands of receivers), and for a decree as against both defendants setting aside alleged fraudulent conveyances alleged to have been made with intent to hinder collection of said statutory stockholders liability. The original complaint, setting up these two grounds of action, contained (according to contention of the defendant) two distinct causes of action jumbled together in one statement. The defendant, A. S. Ehrich, then moved before his Honor, Judge Shipp, for an order requiring the two (2) causes of action so jumbled together in a single statement in said complaint to be separated and separately stated. The motion was granted and the respondents thereafterwards served an amended complaint. The appellant, A. S. Ehrich, then moved before his Honor, Judge Shipp, for an order dismissing the amended complaint upon the grounds that the same did not comply with Judge Shipp's

order requiring the two (2) causes of action to be separately stated. This motion was refused, and the appellant, A. S. Ehrich, in due time served notice of appeal therefrom. By agreement between counsel, and after service of notice of appeal from this order, said appeal was held in abeyance until the decision of the Court on the demurrers hereinafter mentioned. The defendant, A. S. Ehrich, then demurred to the amended complaint upon various grounds. The amended complaint was then served upon the appellant, Mrs. Cornelia C. Ehrich, and she also demurred to the amended complaint upon various grounds."

It further appears that the case was heard on the demurrers before his Honor, Judge E. C. Dennis, who, after considering the same, overruled the demurrers and issued an order accordingly. The defendants thereafter appealed to this Court from the order of his Honor, Judge Dennis, overruling the said demurrers, and this Court, in its opinion, reported in 160 S. C., 489, 159 S. E., 371, modified the decree of Judge Dennis, sustaining the demurrers, on the ground set forth in the opinion and remanded the case to the Circuit Court for further proceedings, consistent with the views expressed by this Court in its said opinion. After the case was remanded to the lower Court, upon motion of the plaintiffs for an order "permitting the amendment of the amended summons and complaint in this action, by striking from the said amended summons and complaint the first cause of action therein set forth and making such other changes in the said amended complaint as may be requisite to leave the same as an action in equity against Mrs. Cornelia C. Ehrich and A. S. Ehrich," his Honor, Judge S. W. G. Shipp, before whom the motion was heard, issued the following order in the cause:

"This matter comes before me on motion of plaintiff's attorney for an order permitting the amendment of the amended summons and complaint in this action in certain particulars therein set forth, and hereinafter referred to. The motion was based upon all of the pleadings and proceed-

ings in this cause, including the decision of the Supreme Court filed June 11, 1931. After hearing counsel for the plaintiff and the defendants and after a careful consideration of the whole record in this cause, including the afore-mentioned opinion of the Supreme Court, I am of the opinion that the amendments sought by the plaintiff should be granted. Therefore, it is

"Ordered that the amended summons and complaint in this action be further amended by striking from the said amended summons and complaint the first cause of action therein set forth and by making such other changes in the said amended complaint as may be requisite to leave the same as an action in equity against Mrs. Cornelia C. Ehrich and A. S. Ehrich, in accordance with the general tenor of the second cause of action set forth in said amended complaint.

"Further ordered that the said amended summons and complaint, when amended as hereinabove set forth, shall be served upon the said defendants or upon their attorneys of record, and the said defendants shall have twenty days after the service thereof upon them, exclusive of the day of such service, in which to answer the same."

As stated above, the defendants duly appealed from this order. The allegations contained in the amended complaint under consideration and the causes of action set up therein will, for the purposes of this appeal, be sufficiently understood by reading the above quoted agreed statement of counsel in connection with the opinion of this Court in the case reported in 160 S. C., 489, 159 S. E., 371, to which opinion we referred above. The question before us is whether or not Judge Shipp's order, quoted above, bearing date July 31, 1931, permitting the amended complaint under consideration to be amended as directed therein, is in conflict with the opinion of this Court heretofore rendered in the case. After carefully considering the entire record in the case, as disclosed by the transcript of

record, and as reported in the opinion herebefore rendered in the case by this Court, in connection with the brief of counsel for appellants, it is our opinion that the order of Judge Shipp under consideration is not in conflict with the holdings of this Court laid down in the said opinion referred to, but is consistent therewith. Of course, the respondent's amendment to the amended complaint, permitted by the said order of his Honor, Judge Shipp, must be in accord with the terms of said order and consistent with the holdings of this Court as expressed in the opinion herebefore rendered in the cause, and, if such amendment does not conform thereto, the appellants herein have their remedy.

The question of substitution of receiver, referred to in appellants' brief, is not before us in this appeal, and we, therefore, express no opinion on that matter.

It is, therefore, the judgment of this Court that the order appealed from be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.