13880

SEABURY v. GREEN *ET AL.*
IN RE. GREEN *ET AL.*

(175 S. E., 639)

*Messrs. Samuel Want* and *Melvin Hyman,* for appellants,

*Messrs. George D. Levy* and *Solomon Blatt,* for certain other defendants,

*Mr. Raymon Schwartz,* for respondent,

June 26, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

Moses Green, late of the County of Sumter, departed this life on or about March 17, 1927. Being the owner of considerable property, and desiring to make disposition of same, he left a will with full directions therefor to his son, Leon M. Green, as executor. The heirs of the testator and distributees under his will were three sons, one daughter, and three grandchildren, the latter the children of a deceased son.

Under the terms of the will, several direct devises and bequests were made; the residuary clause appearing in Item 9. By the terms of this item it was provided that all the rest and residue of his estate, consisting of real, personal, and mixed property, should be divided one-fifth to the three children of his deceased son and one-fifth to each of his four children, they being of age. Included in the rest and

residue of his property directed to be divided under this item was a considerable amount of both real and personal property, and in the personal property were twenty shares of stock of the City National Bank of Sumter. In carrying out the directions in the will, the executor divided the bank stock into five portions, giving to the four adult children four shares each and allotting to the three grandchildren a like number of shares. New certificates of stock were issued from the books of the bank to the new owners; a certificate for four shares being issued to Helen, Herbert and Allen Green, the three grandchildren.

Beatrice C. Green was duly appointed the general guardian for these minor grandchildren, and the certificate for four shares of the bank stock was delivered to her as such general guardian, although the certificate was issued in the names of the three children. The bank stock appeared to be a good investment; dividends upon same being collected by the guardian and used for the support and maintenance of the children.

Leon M. Green duly attended to his duties as executor, rendered his final accounting, and was discharged. The exact date of his discharge is not shown, but it is alleged and not denied that the discharge took place several years before the failure of the City National Bank and when the bank was apparently in a sound financial condition.

On July 21, 1932, more than five years after the death of Moses Green, the City National Bank of Sumter was declared insolvent and its doors were closed. Demand was made upon the stockholders, as appeared from the stock book of the bank as of the date of closing, for their statutory liability, and Beatrice C. Green, as guardian, was asked to pay the sum of $400.00, this being $100.00 per share on the four shares of stock issued to the children; the par value of the stock being $100.00 per share. The guardian refused to make payment, and thereafter she (Beatrice C. Green), was duly appointed administratrix *de bonis non,*

*cum testamentum annexo* of the estate. All reference to her hereinafter will be considered as administratrix in that capacity.

Upon her appointment as administratrix, which appointment was solely for the purpose of a suit to follow, all assets of the estate having long since been distributed, the receiver brought this suit during the month of April, 1933. All of the heirs at law were made parties defendant, as was Beatrice C. Green, as administratrix and guardian. The minor defendants, the three grandchildren, were represented by H. W. Hennig as their guardian *ad litem*. The object of the suit was to obtain judgment against the administratrix for $400.00 and interest upon the stock liability, and to subject any property held by the heirs of Moses Green to the payment of the judgment, if and when obtained. All of the defendants filed answers to the complaint; the minors being duly represented by their guardian *ad litem,* who filed an answer for them. Upon the pleadings as filed and upon an agreed stipulation of facts, the cause was submitted to the Circuit Judge for determination; no jury being requested by any of the parties.

The decree of the Circuit Judge was in favor of the plaintiff, and from the judgment, as rendered, the defendants Beatrice C. Green, as administratrix and as guardian for the three minor defendants, and H. W. Hennig, as guardian *ad litem* for said minor defendants, have prosecuted this appeal. The other defendants did not appeal.

The decree of the Circuit Judge, following the case of *Rutledge v. Stackley,* 162 S. C., 170, 160 S. E., 429, 78 A. L. R., 427, held that no personal judgment could be enforced against the three minor children by reason of the stock standing in their names. Assuming that there must be a liability somewhere, the Circuit Judge then asks himself the question, "Where, then, should the liability rest?" Answering his own question with the premise that, if the testator were living, he would be responsible for the

four shares of stock which were placed in the names of the minor grandchildren, he holds that the stock is as though it had never been transferred from the estate of the testator, and that the administratrix is the owner of the four shares of stock. Finding from the agreed statement of facts that the minor defendants received under the will real and personal property far in excess of the stock liability, which personal property is held by their guardian, the real estate being held as tenants in common with the other heirs, the Circuit Judge then holds that all of the estate of Moses Green is liable for the stock assessment, but that the property given to the minor children should be first exhausted before recourse can be had against the property of the other beneficiaries.

In holding that the estate of Moses Green is, in contemplation of law, liable for the four shares of stock, and that the administratrix is liable for the stock assessment, the Court cites the following extract from the case of *Matteson v. Dent,* 176 U. S., 521, 20 S. Ct., 419, 44 L. Ed., 571: That a shareholder's liability (upon bank stock) continues after his death *until there is a transfer of his stock upon the books of the bank* * * * notwithstanding the stockholder died and his estate was distributed and settled prior to the insolvency of the bank, the estate is still liable *in the absence of such transfer of stock,* and the estate may be followed in the hands of the distributees and legatees * * * and the whole amount of the assessment enforced to the extent of the distributive share received. (Italics supplied.)

We must express our inability to follow the reasoning of the Circuit Judge in this portion of his decree, nor do we think the above citation is authority for his position.

After holding that the minor children are not liable for the stock assessment, he proceeds to impress their property with liability for the judgment. "There may be a slight legal distinction between the two," as remarked by one of the

old-time Judges of this State under a rather different state of facts, "but the sensation is very much the same."

We cannot see how the interests of the minors can be held solely responsible for the judgment rendered, and must disagree with the Circuit Judge in so holding. See the case of *Conner v. McSween*, 164 S. C., 438, 162 S. E., 434. But another feature of the case here presents itself, and that is, Is the estate of Moses Green liable?

The cases in this State upon this subject are all of a different nature from the present one. By referring to some of these we find:

*Conner v. McSween, supra.* In this case there is a full discussion of the subject and a citation of the leading authorities. The defendant in this case made a voluntary transfer of three hundred shares of bank stock to a trustee for the benefit of his three minor children, and the new certificate was issued in the name of the trustee. About eighteen months thereafter the bank closed, and, in a suit to recover the statutory liability against the defendant, the transferror of said stock, this Court held him liable. The Circuit Judge had exonerated the defendant, relying largely upon the opinion in

*Loomis v. Verenes*, 141 S. C., 145, 139 S. E., 393, 55 A. L. R., 677. In that case two brothers had transferred certain bank stock to the wife of one of the brothers. The bank failed in about eighteen months thereafter, and in a suit against the brothers for stock liability the Court held that they were not liable. The very important distinction was made that in the *McSween case* the transfer was made to minors and in the *Loomis case* the transfer was made to a person *sui juris*, with no notice of the bank's insolvency and with no purpose to evade statutory liability.

*Rutledge v. Stackley, supra,* holds that the estates of minors in the hands of trustees cannot be held liable for the stock liability. This is on the ground, as held in *Fischer v. Chisholm*, 159 S. C., 395, 157 S. E., 139, that the liability is

contractual in its nature, and that minors cannot assume the contract. See, also, *Early v. Richardson,* 280 U. S., 496, 50 S. Ct., 176, 74 L. Ed., 575, 69 A. L. R., 658. If the estate of the minors in the hands of a trustee could not be made liable for a claim of stock liability, no more could such estate be made liable if in the hands of a guardian.

No one of these cases exactly fits the facts in the present case. Moses Green did not make the transfer to his minor grandchildren. They took the stock as allotted to them by the executor in making a division of the estate under the residuary clause contained in the will. The instructions for division of the residuary estate into five parts nowhere said that the grandchildren should receive any portion of the bank stock. This allotment to the grandchildren was solely a matter transacted by the executor in what he considered the orderly and authorized division of the estate. As this transfer was not the act of the testator, then the estate of the testator is not liable therefor. That the executor could not make a separate and independent contract tending to bind the estate of the testator is too well established to warrant the citation of authority in support thereof.

If, therefore, as shown above, the estate of the grandchildren is not liable, for the reason that they could not assume the contractual obligation, and the estate of the testator is not liable, for the reason that the transfer to the grandchildren was not made by him and the executor had no right to make a contract binding the estate, it follows that no liability for this contingent indebtedness can be placed upon any one or more of the defendants.

It might also be given as a reason for nonliability of the estate that during the administration of the estate by the executor no claim on the part of the depositors of the City National Bank of Sumter existed in their favor against the estate of Moses Green. All debts against the estate were duly paid, the executor was discharged without objection on the part of any one, and we can see no reason why a claim

which did not exist during the orderly administration of the estate should now be brought up years after the estate closed and liability therefor sought to be lodged against the estate of the testator. The Court always looks with favor upon the orderly administration of estates in conformity with the statute law pertaining thereto.

It does not seem that either the Act of Congress or the State statute imposing liability on stockholders in banks is sufficient to cover the very peculiar facts existing in this case. ·

Before concluding this opinion, it may be well to refer to some other cases which have application to the main point herein involved.

The case of *Matteson v. Dent, supra,* contains expressions both for and against the rule as herein expressed. The extract from that case, above set forth, especially the italicized portion, implies quite a distinction where the stock has been actually transferred on the books of the bank. We think, however, that the controlling feature of that case was the existence of the Minnesota statute under the terms of which liability for the stock assessment was absolutely fixed.

The case of *Witters v. Sowles* (C. C.), 32 F., 130, 137, although decided some years ago, in 1887, contains statements quite appropriate to the present case. We take from that case the following extracts: "None of the liabilities of the bank to meet which this assessment is made, are shown or claimed to have been incurred during the life of the testator. Therefore this is not a contingent claim for which the assets can be pursued under the laws of the State relating to such claims."

Also: "So far as appears or is claimed, all the assets of the estate in the hands of those sought to be charged for them were received before any of the liabilities of the bank now in question were created, and most of them several years before."

If it be argued that the statutory liability cannot be destroyed, that it must exist against some one, we refer to the case of *Williams v. Cobb,* 242 U. S., 307, 37 S. · Ct., 115, 61 L. Ed., 325. In this case liability for the assessment was denied *in toto* under this theory of the complaint: "The theory upon which this suit was commenced is that the transfer of the twenty shares of bank stock by Cobb and Spensley, as executors, to themselves, as trustees for Catherine Monohan, is void; that the stock is as if it had never been transferred at all, and is therefore an undistributed asset of the estate of Mrs. Cobb, and that the defendant, having received as legatee and distributee much more than the amount of the assessment, is liable under the Wisconsin statute to the receiver for the assessment, a debt of the estate, all the other assets having been distributed before the failure of the bank."

The cases of *McNair v. Howle,* 123 S. C., 252, 116 S. E., 279, and *Columbia Theological Seminary v. Arnette,* 168 S. C., 272, 167 S. E., 465, are not applicable to the present case, for the reason that the debts existing in those cases were contracted prior to the death of the testator and were established as debts at the date of death.

The judgment of the Circuit Court is therefore reversed, and the complaint dismissed under Rule 27 of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.