14249

BOYKIN v. ZEMP

(184 S. E., 573)

*Messrs. Henry Savage, Jr., Murdoch Johnson, Nelson, Mullins & Grier,* for appellant,

*Messrs. Kirkland & DeLoache,* for respondent,

March 10, 1936.

*Per curiam.*

The Bank of Camden closed its doors on March 4, 1933, and its affairs were thereafter placed in the hands of D. A. Boykin, as conservator, for the liquidation of its assets under the supervision of the South Carolina State Board of Bank Control, as provided by the then existing law governing the liquidation of closed banks. See 38 Stat. at Large, page 1174; and also page 296. On June 21, 1934, the board directed the conservator to levy and collect an assessment of 100 per cent. of the stockholders' liability, and the Governor later signed an executive order requiring this to be done. Zemp, a stockholder, refused to pay when demand was made upon him, and this action was then brought by the conservator. Judge Bellinger, who heard the matter, held adversely to defendant's contentions, renewed here by the exceptions, and gave judgment for the plaintiff for the amount asked for.

We think there is merit in appellant's position, that the necessity for the assessment was not adjudicated as contemplated and provided by the laws of the State. It seems clear, from a reading of the Act of 1933, that in the matter of assessing statutory liability against the stockholders, it was the intention of the Legislature that the conservator should follow the procedure prescribed for a receiver; that is to say, to first apply to the Court for a determination of the necessity for such an assessment. See *Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139. In the *Fischer case,* the method of procedure, which we hold must be followed by the conservator, is pointed out in some detail by the Court. Of course. as indicated in that case, such a proceeding before the Circuit Judge is *ex parte,* to which the stockholder is not a party, and in which the determination by the Court as to the necessity for such assessment is final.

Other contentions of the appellant are found to be without merit.

The judgment of the Circuit Court is reversed, and the complaint dismissed.