CASE No. 925.

GODBOLD v. GODBOLD.

1. A, administrator of his father's estate, was indebted to three of his brothers for their shares in said estate, and the three brothers died intestate, leaving A one of their distributees, and afterwards A died insolvent—*Held,* that his interest in his brothers' estates was exhausted by his indebtedness to them, and was not distributable among his creditors generally.

2. A legatee can be required to refund only to the extent of the value of the property at the time of action brought, and cannot, therefore, be held liable for slaves received where the suit is commenced after the emancipation of the slaves in 1865.

Before TOWNSEND, J., Marion, March, 1876.

In this case the Hon. B. C. Pressley, judge of the First Circuit, sat instead of Hon. Henry McIver, associate justice, who had been of counsel in the cause. Chief Justice Willard was present at the hearing, but his term of office expired before the opinion was filed.

The facts bearing upon the points decided are sufficiently stated in the opinion of the court. Ann Godbold, mentioned in the opinion, was the widow of Thomas Godbold. She first administered upon his estate, and upon her death Asa Godbold, son of Thomas, became administrator *de bonis non.* The action was for a general accounting and settlement of the estates of Thomas, Ann and Asa, and of the three brothers of Asa, who had died intestate after their father.

*Mr. W. W. Harllee,* attorney for the administrators of Thomas Godbold and of Asa Godbold.

*Mr. W. D. Johnson,* contra.

October 5th, 1880. The opinion of the court was delivered by PRESSLEY, A. A. J. The plaintiffs applied to the Probate judge of Marion for settlement of the estate of Thomas Godbold, and of the shares therein of his three sons, who died after him, leaving their brother Asa one of their distributees. He administered on the estate of his father, and received its income, for which he is in debt to the other shares more than his share in the estates of his father and deceased brothers. He died insolvent, and his creditors claim that his share in said estates are to be applied *pro rata* to his debts and not exclusively to the amount due by him on the money received from his father's estate. The Probate judge decided that the money so received exhausted his share in the said estates. The Circuit judge sustained that decision, and the creditors of Asa Goldbold appeal.

This court decides that the money so received and not distrib-

uted by the said Asa, was retained by him in his right as a distributee of said estates, and so exhausted his shares therein.

Ann Godbold died intestate, bequeathing slaves to each of five of her children. They received and kept said slaves until they were emancipated, which happened before this suit commenced. The remainder of her estate failed to pay her debts, and her other legatees claim that those who received said slaves must, in that behalf, contribute to such payment. The Probate judge decided that they were not so liable, but the Circuit judge overruled that decision, and the legatees, who received said slaves, appeal.

This court sustains the decision of the Probate judge, and holds that a legatee who receives property is liable to the creditors of the testators only for the value of the property at the commencement of the suit. The language of our court in *McMullin* v. *Brown*, 2 *Hill's Ch.* 457, is that "he is liable only for the legacy *in specie.*" Before that decision, Chief Justice Marshall, in the case of *Blackburne* v. *Jett*, 1 *Brock.* 516, held that a voluntary donee of slaves from an insolvent donor was not liable to his creditors for the value of some of said slaves who died before suit, and he expressly assigns as the reason of his decision that it had always been so ruled in cases of property received by the heir from an ancestor whose other property failed to pay his debts.

It is therefore ordered and adjudged that this case be remitted to the Probate Court for settlement of said estates according to this decision.

McGOWAN, A. J., concurred.