## MARCHANT v. LYLES.
### No. 4049.

Circuit Court of Appeals, Fourth Circuit.
Oct. 6, 1936.

W. C. Wolfe, of Orangeburg, S. C., for appellant.

J. B. S. Lyles, of Columbia, S. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

The District Court decreed that the receiver of the Edisto National Bank of Orangeburg should pay as a preferred claim upon the assets in his hands, the sum of $885 to the appellee, representing the balance due on an attorney's fee for legal services rendered to the bank. The existence of the bank was threatened by a suit instituted against it on February 15, 1932, by the shareholders of the Orangeburg National Bank, then in the hands of a receiver, and the appellee was employed to defend the suit. The shareholders of the Orangeburg Bank endeavored to show that a transfer of its entire assets to the Edisto Bank on March 1, 1927, had been accomplished by fraud and they demanded an accounting from the Edisto Bank. They sought also an injunction against the collection of the shareholders' assessment levied by the receiver of the Orangeburg Bank who was also made a party defendant. They also set out the same facts in answers to assessment suits brought against them by said receiver.

The Edisto Bank was vitally interested not only in the suit against it but also in the collection of the shareholders' assessment, for the Edisto Bank was the only creditor of the Orangeburg Bank. A motion to dismiss the bill of complaint filed jointly against the Edisto Bank and the receiver of the Orangeburg Bank, a motion in the same suit for an interlocutory injunction restraining the collection of the assessment, and motion to strike the answers in the assessment suits were heard by the District Court at the same time, and as to each the decision was adverse to the shareholders of the Orangeburg Bank. On appeal to this court, the decree of the District Judge in the suit against the Edisto Bank and the receiver of Orangeburg Bank was sustained in an opinion rendered on January 10, 1933, Wannamaker v. Edisto Nat. Bank, 62 F.(2d) 696, and, as the result thereof, the assessment suits were brought to a successful conclusion.

The receiver of the Orangeburg Bank was represented by an attorney in this litigation, but the appellee took the leading part in the preparation of these matters and in the argument of the motions before the District Judge and of the appeal before this court on behalf of the receiver of the Orangeburg Bank as well as the Edisto Bank. It is admitted that $2,500, the total amount of the fee, was exceedingly reasonable, and the receiver of the Orangeburg Bank testified that he consulted with the appellee on various occasions concerning the assessment suits, and that his advice and suggestions were most helpful and beneficial and contributed substantially and directly to the collections made.

Shortly after the mandate of this court went down in the above-mentioned suit, the Edisto Bank was closed as the result of the banking holiday declared by the President on March 6, 1933, and failed to open thereafter, and a conservator was appointed who occupied the same legal status as the present receiver who was appointed in January, 1934. As the result of the litigation, the receiver of the Orangeburg Bank, as of July 30, 1934, had collected and paid over to the conservator of the Edisto Bank more than $77,000 received from the shareholders' assessment, and had on hand more than $12,000 additional for the receiver of the Edisto Bank.

Under these circumstances, we are of opinion that the decree of the District Court should be affirmed. The principle involved is not unlike that applied in the decision of the first matter discussed in Louisville, E. & St. L. R. Co. v. Wilson, 138 U. S. 501, 506, 11 S.Ct. 405, 407, 34 L.Ed. 1023. The amount recovered as a result of the efforts of the appellee inured to the benefit of the creditors of the Edisto Bank, as placing so much more money in the hands of the receiver for distribution; and, as said in the cited case, "it may fairly be held that the party who takes the benefit of such a service ought to pay for it, and that equity may properly decree payment therefor."

Affirmed.