## MUCKENFUSS v. MARCHANT.
### No. 4412.

Circuit Court of Appeals, Fourth Circuit.
June 24, 1939.

470

PARKER, Circuit Judge, dissenting in part.

———◆———

Harold A. Mouzon, of Charleston, S. C. (Lee Royall, of Charleston, S. C., on the brief), for appellant.

James M. Brailsford, Jr., of Orangeburg, S. C. (Zeigler & Brailsford, of Orangeburg, S. C., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and WAY, District Judge.

SOPER, Circuit Judge.

This suit was brought by the receiver of the insolvent Orangeburg National Bank of South Carolina against the distributees of the estate of a deceased stockholder to collect the statutory stockholders' liability in the sum of $8,000 with interest, on 80 shares of stock in the bank. Judgment was rendered for the plaintiff in the sum of $11,411.11.

B. K. Muckenfuss, the deceased stockholder, died intestate in 1922, leaving a brother, Robert H. Muckenfuss, a sister, Angelina J. Moore, and a niece, Elizabeth N. Dunn, as his only heirs at law. The inventory of his estate showed real and personal property of a value exceeding $100,000 and included the bank stock in question among the listed securities. Distribution of more than $100,000 in value was made to the three heirs prior to the institution of the pending suit. The judgment in the suit was rendered against W. M. Muckenfuss, administrator d. b. n. of the estate of the deceased stockholder, Dorrill Muckenfuss, executor of the will of Kate H. Muckenfuss, deceased, who had succeeded to the share of Robert H. Muckenfuss, the deceased brother of the deceased stockholder, Elizabeth N. Dunn, his niece, W. M. Muckenfuss, executor of the will of Angelina J. Moore, the deceased sister of the deceased stockholder, and also against W. M. Muckenfuss individually, to whom the estate of Angelina J. Moore had been bequeathed by her last will and testament. The only appellants before this court are W. M. Muckenfuss, individually, and as executor of the will of Angelina J. Moore. It is therefore sufficient to recount the distribution of a portion of the estate of the deceased stockholder to his sister Angelina J. Moore, and to note that except for the payments of debts, there has been no distribution of her estate.

Between the years 1922 and 1927, the administrator of the estate of the deceased stockholder distributed to Angelina J. Moore, one of the heirs at law, approximately $36,000. Between 1927 and the death of the administrator of the stockholder's estate in February, 1930, the administrator distributed $3,000 additional to Mrs. Moore. Letters of administration d. b. n. on the estate of the stockholder were issued in 1933 to W. M. Muckenfuss, but it does not appear what assets, if any, came into the hands of the new representative of the estate, although it does appear that the original administrator had distributed all of the assets that had come into his hands prior to his death.

Mrs. Moore died in 1929 leaving her entire estate to her nephew, W. M. Muckenfuss, who is the appellant in this case in his individual capacity and also as executor of her estate. W. M. Muckenfuss, as we have seen, was also a party defendant to the case in his capacity as administrator d. b. n. of the estate of the deceased stockholder, but in that capacity took no appeal. The inventory of the estate of Mrs. Moore showed real and personal property valued at $31,354.30; and the only account of the

executor which was filed on February 25, 1930, showed a payment of debts in the sum of $3,918.19 and a balance in the hands of the executor consisting of mortgages on real estate in the sum of $21,336.95.

The Orangeburg National Bank went into voluntary liquidation on March 1, 1927, under arrangment with the Edisto National Bank, of Orangeburg, South Carolina, whereby the latter institution took over the assets and assumed the liabilities of the Orangeburg National Bank which agreed to make good any deficiency in its assets. At that time the Orangeburg National Bank was probably insolvent. Subsequently this insolvency was definitely determined and the Comptroller of the Currency called upon the stockholders for the payment of their stockholders' liability in full as of October 10, 1931, and a receiver of the bank was appointed. In the meantime, distribution of the estate of B. F. Muckenfuss had taken place to the extent above set out.

The question to be decided is whether the District Court was justified in rendering a judgment of $11,411.11 against W. M. Muckenfuss, executor of the estate of Angelina J. Moore, and W. M. Muckenfuss, individually, in view of the receipt by Mrs. Moore of upwards of $39,-000 from the estate of the deceased stockholder, and the possession by her executor of property in excess of $25,000 to which, it appears, W. M. Muckenfuss individually will be entitled upon the distribution of the estate. The liability of the estate of the deceased stockholder for the assessment is settled by the judgment of the District Court. The stock which was in his name at the time of his death has not been distributed but is still held by the administrator d. b. n. The validity of the assessment upon the stock has been the subject of prior litigation in this court: Wannamaker v. Edisto National Bank, 4 Cir., 62 F.2d 696; Marchant v. Lyles, 4 Cir., 85 F.2d 997; Rogers v. Marchant, 4 Cir., 91 F.2d 660. From this litigation it appears that the Orangeburg Bank closed its doors on March 1, 1927 and arranged with the Edisto Bank to take over its assets and liabilities in order to conserve the assets in the interests of the stockholders; and it may fairly be inferred that it was due to this situation that while the original administrator distributed all of the remaining assets that came into his hands between 1922 and his death in 1930, he retained the stock of the bank.

The appellant contends that it was error to render judgment in this case against any defendant except W. M. Muckenfuss, administrator d. b. n. of the estate of the deceased stockholder, because it was said in Tolbert v. Roark, 126 S. C. 207, 213, 119 S.E. 571, and McNair v. Howle, 123 S.C. 252, 260, 116 S.E. 279, that the primary source to which the creditor of an estate must look for payment of his claim is the personal estate of the deceased in the hands of the executor or administrator. It is contended that there is no proof to show that W. M. Muckenfuss, administrator d. b. n. of the estate of the stockholder is without funds with which to pay the assessment on the stock. Admitting the validity of the rule of law, it is obvious that the factual situation affords no sound basis for its application. No direct evidence on the point appears in the record, but the true condition of the estate was better known to W. M. Muckenfuss, the defendant appellant, than to any other existing person, for he himself, as administrator d. b. n. was the authorized representative of the estate charged with its distribution according to law. It is inconceivable that this case would ever have been brought to this court by W. M. Muckenfuss individually or as executor of Mrs. Moore if in his capacity of administrator d. b. n. of the estate of the stockholder, he had funds with which to pay the judgment. Moreover, if it should transpire that the appeal was taken through some extraordinary mistake, it is still within his power as administrator d. b. n. to pay the judgment from any assets in his hands. The cases last cited seem to hold that the executor and the distributees may be joined as parties defendant in a suit by a creditor of the estate. Certainly no prejudice to the appellants will be caused by the joint judgment in the pending case.

Next it is contended that the judgment cannot be sustained as to the appellants for the reason that none of the assets of the estate of the stockholder have been traced into their hands. It is not denied that Mrs. Moore received more than $36,-000 from the stockholder's estate, or that the executor of her estate came into the possession of assets in excess of $25,000; but it is pointed out that there is no proof that at the time of her death in 1929 she still owned any of the assets which she had received from her brother's estate, and consequently no proof that the executor of her estate received any such assets up-

on her death. To support the contention that this lack of proof is a fatal defect in the receiver's case, certain expressions are referred to in McNair v. Howle, 123 S.C. 252, 116 S.E. 279, Columbia Theological Seminary v. Arnette, 168 S.C. 272, 167 S.E. 465, Seabury v. Green, 173 S.C. 235, 175 S.E. 639. These cases refer to the South ·Carolina rule which is more liberal to creditors than that prevailing in other jurisdictions, that even after the distribution of an estate, a creditor who has failed to file his claim may collect it out of assets received by the heirs or distributees. In McNair v. Howle, supra, the assets consisted of real estate of the decedent still in the hands of his heirs. In Columbia Theological Seminary v. Arnette, supra, the creditor was allowed to collect his claim out of personal property in the hands of the distributee, and the court said (168 S.C. page 283, 167 S.E. page 469): "Since the personal property of the deceased mortgagor has passed into the possession of his distributees, we think, in any event, the mortgagee should first exhaust his security before calling upon such distributees for ·any contribution from such personal property so received by them from the decedent's estate, in payment, in whole or in part, of any judgment obtained by the mortgagee against the personal representative of the mortgagor."

In Seabury v. Green, supra, the South Carolina court held that there could be no recovery against an administrator d. b. n. of an estate for an assessment on bank stock owned by the deceased because the claim did not arise until the administration had been completed; but this decision was reversed, so far as the estate of the decedent was concerned, in Seabury v. Green, 294 U.S. 165, page 169, 55 S.Ct. 373, page 375, 79 L.Ed. 834, 96 A.L.R. 1463, where the court said: "The state court failed to enforce that liability. It should have held that the petitioner is entitled to judgment against the administratrix for the indebtedness owing by the estate on account of the four shares standing in the names of the minors and that the judgment be enforced against property owned by the testator when he died and now held by his children and grandchildren."

The appellant emphasizes the language in each of these quotations from which it appears that the creditor of the estate was allowed to enforce his claim against property which had been owned by the dece-

dent in his lifetime, and was then in the hands of his heirs or distributees. This language, however, was merely descriptive of the situations which existed, and there was no holding that the creditor is limited in recovery to assets that can be traced from the estate into the hands of the heirs or distributees. No such limitation on the rights of creditors has been approved in any South Carolina case that has come to our attention.

The greater part if not all of the estate was distributed before the comptroller's assessment was laid and the liability on the stock arose. The rule generally prevailing is that claims accruing against a decedent after the close of the administration of his estate, unless otherwise barred, may be asserted against the heirs and distributees to the extent and with respect to the property descended or distributed to them. 16 Am.Jur. page 900, section 119; and in South Carolina it is held that the statutes, sections 8993 and 8994 of the Civil Code of 1932 requiring an executor or administrator to give notice to creditors to render their accounts, and requiring the creditors to file them at a specified time, are designed for the personal protection of the executor, and do not bar a creditor who fails to comply with the statute from enforcing his claim against the distributees of the estate. McNair v. Howle, 123 S.C. 252, 116 S.E. 279.

The limitations upon the right of a creditor at common law to enforce his claim against the heirs, devisees, legatees or distributees of the decedent (see 3 Woerner, The Amer. Law of Administration, 3d Ed. section 574, 16 Am.Jur. page 897) have been greatly modified by statute in most jurisdictions. In South Carolina the law seems to have been announced by the Supreme Court of the state, and the rule is that a creditor of an estate, the assets of which by reason of a prior distribution are insufficient to pay his claim, is entitled to call upon the distributees to refund. Thus in Miller v. Mitchell, Bailey Eq. 437, 8 S.C. Eq. 437, 438, the court said: "There is no doubt, that in the event of a deficiency of assets, creditors may call upon a legatee to refund. According to the English cases, if an executor pays one legatee in preference to others, not retaining sufficient assets to satisfy the rest, and becomes insolvent, the unsatisfied legatees may compel the first to refund; although if he retains sufficient assets, and.

afterwards wastes them, there is no such recourse on the part of the unpaid legatees. Anonymous, 1 P. Wms., 495; Edwards v. Freeman, 2 Id. 446. But a similar distinction does not appear to obtain with respect to creditors. They are preferred to all legatees; and if there be a deficiency of assets, whether original or from the waste of the executor, they shall compel legatees to refund. * * *"

In Brewster v. Gillison, 10 Rich. Eq. 435, 31 S.C. Eq. 435, page 438 the court said that the liability of the legatees of an estate to an unsatisfied creditor arises "from the doctrine of the common law as to indebitatus assumpsit, for money had and received to the use of another". See also, Lanier v. Griffin, 11 S.C. 565; Buchan v. James, Speers Eq. 375, 17 S.C. Eq. 375; Bermingham v. Forsythe, 26 S.C. 358, 2 S.E. 286; Jones v. Wightman, 2 Hill 579, 20 S.C.L. 579; McNair v. Howle, 123 S.C. 252, 116 S.E. 279. In Godbold v. Godbold, 13 S.C. 601 it was held that a creditor was not entitled to recover from the legatees the value of certain slaves left them by the decedent; but it appeared that the slaves had been emancipated before the creditor's suit was brought so that the creditor lost nothing by the distribution. The South Carolina decisions that have come to our attention do not justify the rule that a creditor may recover from distributees only to the extent of the assets remaining in their hands at the time of the institution of the suit.

Finally it is said that the receiver forfeited his right to recover from the distributees of the stockholder's estate because he failed to proceed promptly against the administrator of the estate while he still had assets of the estate in his hands. The relevant facts are that the bank closed its doors on March 1, 1927 and thereafter for some years the liquidation of its assets was carried on by the Edisto Bank. It was believed by interested parties that although the bank could not pay its debts as they matured, the assets, if liquidated in an orderly manner, would prove sufficient to pay the debts in full. See Rogers v. Marchant, 4 Cir., 91 F.2d 660. It was not until April 8, 1931 that a receiver was appointed for the bank and shortly thereafter, on July 23, 1931 the 100% assessment was levied by the Comptroller of the Currency. Prior to that date the liability on the stock did not arise.

There is no applicable statute of limitation and the appellants rely on the doctrine of laches. All of the estate of value, of which we have any knowledge, was distributed between 1922 and 1930, before the receiver in this case was appointed.

Reference is made by the appellants to Miller v. Mitchell, Bailey Eq. 437, 8 S.C. Eq. 437 and McNair v. Howle, 123 S.C. 252, 116 S.E. 279, which hold that a legatee will not be compelled to refund a legacy when there are funds in the hands of the executor over and above the legacy, applicable to the payment of debts and sufficient for the purpose, which the executor afterwards wastes. There was no waste in this case and these decisions are therefore not applicable.

The record in the case indicates that there has been no distribution by the executor of the personal estate of Mrs. Moore to the sole legatee, W. M. Muckenfuss; and that the real estate devised to him by her will is worth less than one-half of the judgment against him. Consequently the judgment against him should be reversed and a new trial granted wherein the extent of his liability may be determined.

The judgment of the District Court is affirmed as to W. M. Muckenfuss, executor of the last will and testament of Mrs. Moore, and reversed as to W. M. Muckenfuss, individually.

PARKER, Circuit Judge (dissenting in part).

I think that the judgment appealed from should be affirmed. As I interpret the record, no point was made in the court below as to W. M. Muckenfuss not having received from the estate of Mrs. Moore property of a value in excess of the liability asserted against him; and no such point was urged in the brief of counsel or in oral argument on appeal. The rule is well settled that only in exceptional cases will questions, of whatever nature, not raised and properly preserved for review in the trial court, be noticed on appeal. 4 C.J.S. Appeal and Error, § 228, page 430; Blair v. Oesterlein Machine Co., 275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249; McCandless v. Furland, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202; H. E. Wolfe Const. Co. v. Fersner, 4 Cir., 58 F.2d 27, 28, 29; Potts v. City of Utica, 2 Cir., 86 F.2d 616, 619; Marion Steam Shovel Co. v. Bertino, 8

Cir., 82 F.2d 945; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96, 101. And even if exceptions are taken in the lower court, they are abandoned where they are not urged or discussed on appeal. 5 C.J. S. Appeal and Error, § 1803, page 1219; Southeastern Express Co. v. Robertson, 264 U.S. 541, 542, 44 S.Ct. 424, 68 L.Ed. 840; Forno v. Coyle, 9 Cir., 75 F.2d 692, 695; United States Potash Co. v. McNutt, 10 Cir., 70 F.2d 126, 131; Squibb & Sons v. Mallinckrodt Chemical Works, 8 Cir., 69 F.2d 685, 687; Pond Creek Coal Co. v. Hatfield, 6 Cir., 239 F. 622, 626.

W. M. Muckenfuss has either received in his individual capacity property of Mrs. Moore in excess of the value of the judgment sought or else holds it as her executor for himself as sole legatee. In either case he individually is the person who will suffer from the recovery. Reversing the judgment below as to him will add to the expense and delay of the litigation and will accomplish no useful purpose. The judge below ruled correctly on the questions raised before him and before us; and his judgment should be affirmed.