DALY-WEST MINING CO. et al. v. SAVAGE et al.*

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 4914.

APPEAL AND ERROR ⬤⟶766—BRIEFS—SPECIFICATION OF ERRORS—COURT RULES.
 Brief for plaintiffs in error not containing a specification of errors on
 which they rely, as required by Circuit Court of Appeals rule 24 (188 Fed.
 xvii, 109 C. C. A. xvi), judgment must be affirmed.

 Hook, Circuit Judge, dissenting.

In ·Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by Catherine Savage and others, widow and minor children of John Savage, deceased, against the Daly-West Mining Company and others, for death of deceased. Judgment for plaintiffs, and defendants bring error. Affirmed.

Hiram E. Booth, of Salt Lake City, Utah (William H. King, P. T. Farnsworth, Joel Nibley, E. O. Lee, Carl A. Badger, and Benjamin L. Rich, all of Salt Lake City, Utah, and William E. Hutton, of Denver, Colo., on the brief), for plaintiffs in error.

Culbert L. Olson, of Salt Lake City, Utah (Albert J. Weber, of Salt Lake City, Utah, on the brief), for defendants in error.

Before HOOK and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The brief filed by counsel for plaintiffs in error does not contain a specification of errors upon which they rely, as required by rule 24 of this court (188 Fed. xvi, 109 C. C. A. xvi). In City of Lincoln v. Sun Vapor Street Light Co., 59 Fed. 756, 8 C. C. A. 253, decided on January 29, 1894, this court announced that this rule "will be enforced by the court, to the end that the vital issues in the case may be clearly presented." It has been enforced ever since. Kinser v. United States, 231 Fed. 856, 146 C. C. A. 52, Cooper v. Jewett, 233 Fed. 618, 628, 147 C. C. A. 426. The latest case is City of Goldfield v. Roger, 249 Fed. 39, —— C. C. A. ——.

The judgment must therefore be, and is, affirmed.

SMITH, Circuit Judge (concurring.) I fully concur in the foregoing opinion and if I had any doubt upon the question raised by Judge Hook still I think there is no prejudicial error shown and the case must in any event be affirmed.

HOOK, Circuit Judge (dissenting.) Our rules of appellate practice, like those of the Supreme Court, are not rules of substantive law determining rights, but are designed merely to facilitate the machinery· of justice. Being made by the court, they are applied not inexorably and literally in all cases but with a tempered consideration of their purpose and the efforts of counsel to observe them. We have so ap-

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 7, 1919.

plied them in innumerable instances, and in very many in which compliance has been much less apparent than in the case at bar.

The brief for plaintiffs in error is admirable for its conciseness. True, it does not contain a formal assemblage in one place of the assignments of error relied on, but there is what I think should be regarded, consistently with our custom, as an equivalent. After a narrative of the case and of the trial the brief is divided into eight separately numbered divisions, each disclosing a matter of complaint. I will refer to but two of them, one relating to an instruction asked and refused, and the other to an instruction given. The two instructions, one denied and the other given, are antithetic, and they present a question that goes in a direct way to the very root of the verdict and judgment. At the hearing that question was argued at length without suggestion that it was not sufficiently brought to our notice. What does the brief contain by way of specification of the two errors asserted? The heading of the division relating to the instruction denied gives the number of the assignment of error covering it. Then are given the pages of the record where the assignment, the request for the instruction and the exception to the ruling of the court may be found. Following this, the requested instruction itself it set out "totidem verbis," to use the expression of our Rule 24, with a statement that the court erred in refusing it. Then the argument. The division of the brief allotted to the instruction which the court gave is similarly arranged and is equally specific.

Beyond doubt counsel sought to comply with our rules and they succeeded in all that concerns substance as distinguished from form. We could not help but know from the brief alone precisely what the trial court did, that exceptions were reserved and that our jurisdiction and duty to review were specifically invoked, all with appropriate references to the printed record, and an orderly presentation and discussion of each point separately.