## SOUTHEASTERN EXPRESS COMPANY *v.* ROBERTSON, STATE REVENUE AGENT, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

No. 216.   Submitted April 7, 1924.—Decided April 21, 1924.

Decided upon the authority of *Southeastern Express Co.* v. *Robertson, ante,* 535.
Affirmed.

Appeal from a decree of the District Court denying an interlocutory injunction in a suit to restrain the enforcement of a privilege tax.   Mr. Miller, successor in office to Mr. Robertson, and Mr. Riley, successor in office to Mr. Miller as state auditor, were substituted in this Court.

*Mr. Sanders McDaniel* and *Mr. A. S. Bozeman* for appellant.   *Mr. H. L. Greene* was also on the brief.

*Mr. R. H. Thompson* for appellees.   *Mr. Jas. A. Alexander* and *Mr. Julian P. Alexander* were also on the brief.

Mr. Justice McKenna delivered the opinion of the Court.

This case involves the consideration of the privilege tax passed upon in *Southeastern Express Co.* v. *Robertson,* just decided, *ante,* 535.

It is a suit in equity which seeks to have the tax decreed " illegal, void and unenforceable." An interlocutory injunction was petitioned and the district judge called to his assistance two other judges in accordance with § 266 of the Judicial Code to hear the application. A preliminary restraining order was granted.

The application for injunction coming on subsequently to be heard, was denied, and from the order and decree denying it this appeal was granted and is prosecuted.

The grounds of appeal and assignments of error are the same as in the other case, except as we shall notice, the difference being only in the nature of the suit and procedure—in this case a bill in equity to enjoin the enforcement of the second year's tax; in that, grounds of defense against the collection of the first year's tax, the facts being stipulated. In this they are alleged in the bill of complaint.

In that case all the grounds relied on in this case were decided adversely to the Express Company, that is, the tax was adjudged to be legal, and the judgment was affirmed by the opinion just delivered, and on the authority of that decree the decree in this case may be based.

It may be well to observe, to avoid misunderstanding, that in the order and decree denying the interlocutory injunction the statute of Mississippi was held constitutional against the charge of violation of the Fourteenth Amendment and also of being a charge against Article I, § 8, Clause 3, being the commerce clause of the Constitution of the United States. The ruling in the latter respect is assailed and assigned as error in the record but not in the argument and we therefore do not discuss it. It will be observed besides that the tax imposed is on business done between stations in the State. § 21, c. 104, Laws of 1920.

*Affirmed.*