**HARD & RAND, Inc., et al. v. BISTON COFFEE CO.**

No. 8773.

Circuit Court of Appeals, Eighth Circuit.
May 28, 1930.

Rehearing Denied Aug. 2, 1930.

James E. Carroll, of St. Louis, Mo. (John V. Lee and Phillips Moss, both of St. Louis, Mo., on the brief), for appellants.

Taylor R. Young, of St. Louis, Mo., for appellee.

Before BOOTH and GARDNER, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge.

The appellants are creditors of the appellee. On November 2, 1928, they filed an involuntary petition against the appellee alleging its insolvency and the preferring of certain of its creditors. The appellee admitted making payments to the creditors as alleged in the petition, but denied insolvency, and demanded a jury trial. The case was tried. The jury returned a verdict in favor of the appellee, finding that it was not insolvent as alleged in the petition. Judgment was entered upon the verdict, dismissing the petition, and from the judgment the appellants have appealed.

The record before us is a verbatim copy of everything which took place at the trial in uncondensed and unabridged form, covering some seven hundred pages. This is not a bill of exceptions. Linn v. United States (C. C. A.) 251 F. 476, 483; Marr v. United States (C. C. A.) 8 F.(2d) 231; Denver Live Stock Commission Co. v. Lee (C. C. A.) 18 F.(2d) 11; Stunz v. United States (C. C. A.) 27 F.(2d) 575, 576; Beck v. United States (C. C. A.) 33 F.(2d) 107, 108; Tingley v. United States (C. C. A.) 34 F.(2d) 1; Sapp v. United States (C. C. A.) 35 F.(2d) 580; Caldwell v. United States (C. C. A.) 36 F.(2d) 738; Caldwell v. United States (C. C. A.) 36 F.(2d) 742; Barber Asphalt Co. v. Standard Asphalt Co., 275 U. S. 372, 48 S. Ct. 183, 72 L. Ed. 318; Krauss Bros. Co. v. Mellon, 276 U. S. 386, 48 S. Ct. 358, 72 L. Ed. 620.

Rule 8 of the United States Supreme Court, 275 U. S. 599 (28 USCA § 354), provides: "The judges of the district courts in allowing bills of exception shall give effect to the following rules: * * * 2. Only so much of the evidence shall be embraced in a bill of exceptions as may be necessary to present clearly the questions of law involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save as a proper understanding of the questions presented may require that parts of it be set forth otherwise."

This rule was adopted by the Supreme Court under authority of title 28, § 865, U. S. C. (28 USCA § 865).

Rule 8 of the Rules of this court, 188 Fed. viii, is: "The practice shall be the same as in the Supreme Court of the United States, as far as the same shall be applicable."

The rule requiring that bills of exception shall be set forth in condensed and narrative form applies to all cases brought before this court for review. Barber Asphalt Co. v. Standard Asphalt Co., supra; Beck v. United States, supra; Caldwell v. United States, supra. While this court has not as yet in any case affirmed a judgment of the lower court because of the failure of the appellant to comply with this rule, it undoubtedly has that right in the exercise of a sound discretion. In the Barber Asphalt Case, supra, the Circuit Court of Appeals of the Seventh Circuit [16 F.(2d) 751] affirmed for such a failure. The Supreme Court of the United States determined that the court had abused its discretion, because of its previous failure to invoke the rule, and, in lieu, required a compliance with the rule and assessed $5,000 costs. For more than four years, this court has been calling attention to the rule and admonishing counsel with respect to it. We think that the time has now arrived when the rule should be strictly enforced.

But, in addition to the violation of this rule, the appellants' brief does not comply with Rule 24 of the Rules of this court (188 Fed. xvi). As a part of the statement of facts, all of the assignments of error are set forth in full in the brief. There are no specifications of error, unless the following can be so construed:

"Errors Relied Upon.

"I. Admission, over objection, of incompetent, irrelevant testimony on values.

"II. Verdict of jury is against law and the evidence—Assignment of Error No. 8.

"III. Improper argument of counsel—Assignment of Error No. 10."

Rule 24 requires that the brief shall contain: "A specification of the errors relied upon, which, in cases brought up by writ of error, shall set out separately and particularly each error asserted and intended to be urged; and in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous." Since an appeal has now been substituted for a writ of error in actions at law, that portion of the rule relating to cases brought here by writ of error applies to this case.

This court, in City of Lincoln v. Sun Vapor Street-Light Co., 59 F. 756, 758, stated the reasons for the rule. It has consistently been enforced, and its violation is alone ground for affirmance. Kinser v. United States (C. C. A.) 231 F. 856; Lohman v. Stockyards Loan Co. (C. C. A.) 243 F. 517; City of Goldfield v. Roger (C. C. A.) 249 F. 39; Daly-West Mining Co. et al. v. Savage (C. C. A.) 253 F. 548.

Even if the last two "Errors Relied Upon" could be treated as specifications of error, we could not consider them for the following reasons: First, there was no motion for a directed verdict at the close of the evidence; hence the sufficiency of the evidence to support the verdict cannot be reviewed. Second, there were no exceptions taken to the court's charge, so that it has become the law of the case; hence the facts and the law are, so far as this court is concerned, conclusively settled. Furthermore, this court only considers questions which are argued in the brief. It is not a court of original research. Home Benefit Ass'n v. Sargent, 142 U. S. 691, 694, 695, 12 S. Ct. 332, 35 L. Ed. 1160; Southeastern Express Co. v. Robertson, 264 U. S. 541, 44 S. Ct. 424, 68 L. Ed. 840; Donnelley v. United States, 276 U. S. 505, 48 S. Ct. 400, 72 L. Ed. 676; Braden v. United States (C. A.) 270 F. 441, 442; Weare v. United States (C. C. A.) 1 F.(2d) 617, 618; Apt v. United States (C. C. A.) 13 F.(2d) 126; Denver Live Stock Commission Co. v. Lee (C. C. A.) 18 F.(2d) 11.

The only questions argued in the brief are: (1) What constitutes "fair valuation" as that term is used in title 11, § 1(15) U. S. C. (11 USCA § 1(15), which is no longer in the case, as has been pointed out. (2) The inadmissibility of certain evidence not set out in any specification of error and referred to only generally in the argument.

■ While there is no occasion for doing so, it may as well be said that we observe little, if any, merit to the questions sought to be raised. Where value is an issue, the inquiry may properly be allowed to take a wide scope. Evidence of the cost, selling price, replacement value, depreciation, use value, junk value, location of the property, local demand for it, and many other things may be shown. Many elements properly enter into the determination of "fair value," and evidence bearing on the question may be admissible, although it may have but little weight. Counsel could more properly argue against the weight of the evidence than its admissibility. So far as Exhibit II is concerned, which was an inventory of the property of appellee, of which much was said upon the oral argument and nothing in the written argument, the record shows that it was finally admitted without objection or exception.

The judgment is affirmed.