716

## In re REB HOLDING CO.
### No. 20289.

District Court, E. D. Wisconsin.
Nov. 19, 1940.

Karon & Weinberg, of Milwaukee, Wis., for Linnard Building, Inc.

B. F. Saltzstein, of Milwaukee, Wis., for W. J. Aitken, trustee.

Ben S. Warren, Jr., and Edw. J. Lawler, Jr., both of Chicago, Ill., for the S.E.C.

Charles F. Puls, Jr., of Milwaukee, Wis., for Dick & Reuteman Co., indenture trustee.

Joseph E. Tierney, of Milwaukee, Wis., for Walter A. Bechtholdt, a bondholder.

Harvey C. Hartwig, of Milwaukee, Wis., for debtor.

DUFFY, District Judge.

The property owned by the debtor consists of an apartment and store building located at 1621 West Wells Street, Milwaukee, together with certain furniture located therein. The condition of the building is very good; it has an elevator from the basement to the roof, which is somewhat unusual for a four-story building in this area; it has a terrazzo first floor and oak on the other floors; the location is excellent; and transportation is very good. The building is well constructed and it is improved to its highest and best use.

There is a sharp difference of opinion, however, as to the fair valuation of the property of debtor. The court appointed two appraisers who are well acquainted with real estate and property values in Milwaukee, and in their report they place the value of the land, building, and furniture at reproduction cost less depreciation at the sum of $122,532. On a capitalized or economic return basis, they arrive at a valuation of $121,009; and they arrive at a conclusion that a fair valuation would be $122,-000.

A separate appraisal was made by a well-known and prominent Milwaukee real estate man who placed the fair valuation at $148,-000. The Security and Exchange Commission have urged that the only basis to be considered is the reasonably anticipated earnings of the debtor, and using the figures of the court appraisers as a basis, they have arrived at the conclusion that a proper valuation figure would be $90,401.

The Bankruptcy Act does not define any formula for determining what is a fair valuation. Finletter in his work on "The Law of Bankruptcy Reorganization" said (p. 556): "Valuations have never before been used as a means of determining legal rights in judicial reorganizations and there has been, therefore, no reason for the establishment by the courts of a legal theory on

which they should be grounded. It is accordingly believed that the standards for the appraising of assets under the reorganization provisions of the Bankruptcy Act remain to be developed by judicial decision."

While this author does stress the earning power of the property as an important element in determining fair valuation, yet he states (p. 556): "Valuations to determine the right of creditors and stockholders to participate in a plan or arrangement presupposes the continuation of the debtor's business as a going concern. They are made for the purpose of determining rights in connection with a rehabilitation of the enterprise."

Also on p. 559: "Low present earnings affected by the depressing factors which attend most companies prior to and during a period of reorganization or by other unusual circumstances, would give an unfairly low present appraisal of the properties unless the probability of an improvement in earnings were to be considered."

To the same effect was the decision in Central States Life Ins. Co. v. Koplar, 8 Cir., 85 F.2d 181, at page 184, where the court said: "We would not be justified in holding that the earning capacity of the property during the depression years should alone be considered in ascertaining its value."

In that case the court permitted evidence as to the cost and reproduction cost and use value in arriving at a determination of the fair value. The same was true in Hard & Rand v. Biston Coffee Co., 8 Cir., 41 F.2d 625.

I am of the opinion that no one theory of valuation should be used exclusively in arriving at a fair valuation. By using the various recognized methods, any inaccuracy which might be inherent in one method, can be eliminated.

It is the purpose of Chapter X, 11 U.S.C.A. § 501 et seq., to conserve if possible the full value of the property for junior creditors or for the debtor as well as for the creditors who might have priority. There of course must be an absolute protection of priorities, Case et al. v. Los Angeles Lumber Products Co., Ltd., 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110, but that decision does not necessarily determine the rules or methods for determining what is a fair value.

Our determination here should not be based upon what the building originally cost, less depreciation to this time, because such a method does not give proper effect to changed conditions.

The earnings of the property during the past six years is an important element to be considered, and yet in this particular instance it is not necessarily controlling. The income received from the property in the years 1929, 1930, and 1931 was much higher than during any of the past six years. In that period (1929–1931), the debtor made considerable progress in paying off both first mortgage and second mortgage bonds. Likewise, the appraisal made by the court appraisers is now more than one year old, and it is a matter of common knowledge, as well as shown by the evidence, that building costs have increased during the past year. There was a difference of opinion as to the cubical contents of the building. All of which goes to show that the court should, as was done in this case, receive evidence based on various theories of valuation and then, in the light of all of the conditions and circumstances, arrive at a fair valuation, considering the purpose of Chapter X of the Bankruptcy Act.

I reach the conclusion that the fair valuation of the property and assets of the debtor is $133,000.