**EDDY et al. v. KELBY et al.**
No. 153, Docket 20405.

Circuit Court of Appeals, Second Circuit.
July 22, 1947.
Writ of Certiorari Denied Dec. 8, 1947.
See 68 S.Ct. 219.

FRANK, Circuit Judge, dissenting in part.

———◆———

Samuel Silbiger, for George E. Eddy and in pro per.

Charles M. McCarty, of New York City, for Prudence Bonds Corporation and pro se.

James F. Dealy, of New York City, for Reconstruction Finance Corporation.

George C. Wildermuth, of Brooklyn, pro. se.

Lulu R. Kelby, pro se.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

George E. Eddy and his attorney Samuel Silbiger have appealed from an order awarding compensation in connection with the judicial settlement of the accounts of the Manhattan Company as Trustees of Prudence-Bonds, Fifth and Ninth Series.

The applicants for allowances and the sums requested and awarded were the following:

| Applicant | Requested | Awarded |
|---|---|---|
| Estate of Charles H. Kelby, deceased, Trustee of Debtor, | $ 90,000.00 | $ 60,000.00 |
| Samuel Silbiger, attorney for George E. Eddy, | 200,000.00 | 40,000.00 |
| Charles M. McCarty, attorney for Prudence-Bonds Corporation | 35,000.00 | 35,000.00 |
| Joseph Nemerov, attorney for Hilda S. Reese, et al. | 110,000.00 | 30,000.00 |
| Geo. C. Wildermuth, attorney for trustees of Debtor | 37,500.00 | 20,000.00 |
| Prudence-Bonds Corporation (expenses) | 12,483.88 | 12,483.88 |
| Prudence Realization Corporation (expenses) | 749.73 | 749.73 |
| | $485,733.61 | $198,233.61 |

The appellants have not appealed from the allowances to Joseph Nemerov, the new Prudence-Bonds Corporation (hereinafter called "New Corporation") and Prudence Realization Corporation.

The allowances are payable out of the Trust Funds securing the Fifth and Ninth Series bonds. The appellant Eddy is the holder of a $1,000 Fifth Series bond. He did not hold any of the Ninth Series bonds but he did hold bonds of other series which were secured by Ninth Series bonds. The appellant Silbiger is the attorney for Eddy.

The services for which the allowances. were awarded resulted in the recovery from.

the Bank of Manhattan on the objections to its accounts, as trustee, of the sum of $1,781,124.09 for the benefit of the Fifth and Ninth Series Trust Funds, which recovery is subject to reduction by payment of subordinate liens totalling $173,949.88 obtained by the bank on payment of the surcharge. The allowances of $198,233.61 amount to 11.13% of the total recovery of $1,781,124.09.

The earnest argument of Mr Silbiger that the allowance to him of $40,000 is inadequate has prompted a review of his criticism of the award many times since the appeal was heard in order to see whether there could be any fair basis for increasing the allowance.

This court held in Central Hanover B. & T. Co. v. President and Directors of Manhattan Co., 2 Cir., 105 F.2d 130, that the trustees of the various series of mortgages were liable for restoration of assets improperly released by them and that the bankruptcy court had jurisdiction to settle their accounts and award restitution therefor. Prior to that decision, and in September 1938, the New Corporation set up under the Plans of Reorganization retained a firm of accountants to examine the books of the trustees of the various bond issues. As a result of this McCarty, counsel for the New Corporation, advised the court on October 28, 1938 that the Trustee of the Seventh Series had permitted withdrawals of large sums of cash, while mortgages in the trust fund were in default in the payment of principal, and that the same conditions might exist in some of the other series. This investigation seems to have been the basis for the surcharges of the trustees of the various series of bonds, including the Fifth and Ninth, involved in the case at bar.

After our decision in the Central Hanover case, cited above, the trial judge, who had directed the appeal from his order denying jurisdiction in the district court by the New Corporation—which resulted in that decision—requested the New Corporation and the trustees of the debtor to file objections to the accounts jointly. The objections were filed on October 2, 1939 and were prepared by McCarty, on behalf of the New Corporation, and by Judge Kelby, one of the trustees of the debtor; by Wildermuth, the attorney for the trustees; and by Dealy, the attorney for the Reconstruction Finance Corporation. They were specific, related to alleged unlawful substitutions and withdrawals of cash and other collateral from the different trusts and furnished the details for the attack upon the accounts of the various series of bonds. The affidavit of Mr. Streeter, the president of the New Corporation, verified October 28, 1938, and filed in the Central Hanover record (p. 58) had disclosed withdrawals of cash in the Seventh Series in violation of the terms of the trust instrument and stated that a preliminary investigation indicated that a similar condition might exist in some of the other eighteen series of bonds.

It appears from the foregoing that the bases for the claims of restitution by the trustees of the various series of bonds were primarily unearthed and chiefly developed by the accountants and the counsel for the New Corporation. Silbiger and Nemerov added their support of the claims for restoration of the trusts to that of the others but the chief burden in preparing for trial the claims against the Manhattan Company as trustee of the bonds of the Fifth and Ninth Series, and in conducting the trial, was borne by McCarty and Judge Kelby. The same thing was done in Manufacturers Trust Co. v. Kelby, 2 Cir., 125 F.2d 650, and Brooklyn Trust Co. v. Kelby, 2 Cir., 134 F.2d 105. In Central Hanover B. & T. Co. v. President, etc. of Manhattan Co., 2 Cir., 105 F.2d 130, the trustees for the debtor took no part, but McCarty representing the New Corporation, and Milbank Tweed & Hope and Larkin Rathbone & Perry representing trustees of various series of bonds contended that jurisdiction over the claims for restoration of the trusts was in the district court. Silbiger also appeared on the appeal and gave excellent support to those contentions but it would be extravagant to say that in the Central Hanover appeal his brief in any sense won the day. The New Corporation had been directed by the court to appeal and counsel from most experienced and eminent law firms were helping to maintain the claim of jurisdiction in the

bankruptcy court and McCarty was active and efficient.

One of the chief contributions of Silbiger to the success of the claims for restoration of the trusts in the Fifth and Ninth Series is said to have been his insertion of a point in his brief on appeal for the allowance of interest on the claims. The contention that interest should be allowed on the claims had been presented before the Master and the District Judge by the New Corporation, the trustees for the debtor and Mr. Nemerov, but after it was overruled and they had appealed from that decision, they did not press the point relating to interest as a separate one and cite authorities—as did Silbiger. He is entitled to consideration because of this, although the other parties seem to have preserved their rights. On the other hand, it does not appear that Silbiger pressed the matter before the Master. The foundation for an award of interest was laid by all parties and the 3% finally allowed seems to have been the result of the contentions of McCarty, Wildermuth, Nemerov and Dealy, as well as of Silbiger, after the decision of this court in President and Directors of Manhattan Co. v. Kelby, 147 F.2d 465, 479, that some interest should be allowed. In any event the special service of Silbiger in insisting at all times upon an award of interest, though important, neither consumed much time nor introduced novel arguments, and his claim to receive $105,000 therefor was all out of proportion to his deserts in the premises.

■ The result of the foregoing is that many persons at various stages contributed to the final award of restorations of principal and interest, and we cannot say that the allowance to Silbiger of such a substantial sum as $40,000 was insufficient and clearly erroneous. It is to be remembered that Nemerov, an experienced attorney who represented numerous bondholders and took part in all the litigations that Silbiger appeared in—except the Central Hanover case —received but $30,000, has not appealed, and is apparently content. Silbiger's work was excellent, but his award is substantial and seems adequate.

Silbiger has appealed from allowances to the Estate of Judge Kelby, to McCarty and Wildermuth. In connection with those allowances he made the following statement in his affidavit (Appendix, p. 242): "5. It is deponent's considered opinion that a reasonable fee for the services rendered by all counsel in the recovery of $1,300,000.00, is $285,000.00, and that for his participation in such services, the fair and reasonable value of deponent's services is $95,000.00, and that therefore, the limit that should be equitably apportioned among the other counsel entitled to compensation, should not exceed $190,000.00. For his services in obtaining the additional $481,000.00, the fair and reasonable compensation that should be awarded to deponent is $105,000.-00."

From the above it appears that the aggregate amount which Silbiger said would be reasonable compensation for the other parties was far more than the $145,000 which the Estate of Kelby, McCarty, Nemerov and Wildermuth were allowed in the aggregate. He made no objection to the larger sums asked for and his appeal from the awards to them must be because they were granted sums relatively disproportionate to those which he received.

■ The allowance to McCarty was supported not only by his own proofs but by such disinterested opinions as those of the Reconstruction Finance Corporation. Likewise, Lyeth, the well known counsel for the defeated bank, expressed the following view: "The Bank makes no objection to the application of Mr. McCarty. * * * From my personal observation as the attorney who was beaten I testify without hesitation that Mr. McCarty contributed to my defeat more than all the counsel in the case put together." There can be no doubt that the award to McCarty was justified.

■ The allowance to the Estate of Judge Kelby was for services in connection with the litigation with the Brooklyn Trust Co., 2 Cir., 134 F.2d 105, and the trial of the case against the Manhattan Co. in which he acted as leading counsel (147 F.2d 465), and the proceeding by Manufacturers Trust Co. v. Kelby, 125 F.2d 650, in which he was one of the trustees of the debtor. In the case against the Manhattan Co. (147 F.2d 465) the appeal was not heard

until after his death. He assisted in preparing the original objections to the accounts and was chief counsel at the trial. Under the circumstances and in view of the amount realized and the protracted struggles to obtain it, it cannot be said that the award to his estate was without substantial basis. The same thing is true of the award to Wildermuth who argued the appeal for the trustees (reported in 147 F.2d 465) and performed other important services in connection with the litigation against the Manhattan Co.

For the above reasons the decree appealed from is affirmed.

FRANK, Circuit Judge (dissenting in part).

I disagree with respect to the fees allowed for Silbiger's services. In writing the opinions for the court in two of these cases—Brooklyn Trust Co. v. Kelby, 2 Cir., 134 F.2d 105, and Bank of Manhattan v. Kelby, 2 Cir., 147 F.2d 465—I found that Silbiger's briefs furnished invaluable analyses, not contained in the briefs of other counsel.

There has been an attempt on the part of the other parties to the action to picture Silbiger as an interloper who has climbed on the shoulders of the others. But, as appears from our previous opinions, the bondholders represented by Silbiger were indispensable parties, while the participation of the trustees and of the New Corporation was more or less on sufferance. In Manufacturers Trust Co. v. Kelby, 2 Cir., 125 F.2d 650, 654, we expressed some doubt as to whether the New Corporation could be a party to the suit but said that, as perhaps the Plan may have assigned some of the bondholders' interest to the new company (a point which was not decided), it would be "best to allow * * * the new

corporation to appear, so that there can be no question that the party shall be before the court who is vested with the right." As to the trustees, we said: "Finally, although we cannot quite see any reason for allowing the reorganization trustees to intervene, the matter was one for the decision of the district judge within the discretion vested in him * * *." We had no doubts as to the standing of the individual bondholders to raise objections. See also Brooklyn Trust Co. v. Kelby, 2 Cir., 134 F.2d 105, 110, and Bank of Manhattan v. Kelby, 2 Cir., 147 F.2d 465, 479 note 35.

Finally, it is clear that, had it not been for Silbiger's brief on the appeal in Bank of Manhattan v. Kelby, supra, there would have been no recovery of interest. That item of the judgment was $483,603.52. My colleagues say that, with respect to the interest, "the other parties seem to have preserved their rights" on that appeal. Surely that statement is in error. The record of that appeal discloses that counsel for all parties except Silbiger failed to argue the interest claim in their briefs. Such failure constituted a waiver by them of that claim. Southeastern Express Co. v. Robertson, 264 U.S. 541, 44 S.Ct. 424, 68 L.Ed. 840; McNamara v. Hart, 8 Cir., 83 F.2d 649; Jackson v. Fuller, 66 App.D.C. 239, 85 F.2d 816. They do not now even intimate that, in not arguing that point, they relied on the fact that Silbiger had argued it in his brief. Nor could they, with a straight face so maintain. For the record shows nothing but continuous hostility on the part of other counsel towards him, and not the slightest hint of cooperation with, or reliance on, him.

Considering that, thanks solely to him, the right to recover $483,603.52 was preserved, and that previously he had rented other invaluable services, I think Silbiger has been shockingly under-paid.